**Dorothy L. MUNDAY, Plaintiff-Appellee,**

v.

**Martha L. BROWN, Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section.

April 7, 1981.

Certiorari Denied by Supreme Court
June 22, 1981.

Walker Casey, Nashville, for defendant-appellant.

John R. Parker, Nashville, for plaintiff-appellee.

OPINION

CONNER, Judge.

The question presented by this appeal follows. Is notice to counsel of record binding upon his or her client, a party to the lawsuit, even if counsel should fail to notify the client of the progress of the litigation

and even if a default judgment against the client should ultimately result?

Factually and procedurally the events unfolded as follows. A boundary line dispute developed between the plaintiff-appellee,[1] Dorothy L. Munday and the defendant, Martha L. Brown, over an encroachment by defendant, through construction of a driveway, on a strip of plaintiff's land some 3.6 feet wide and 15.1 feet long. In September of 1977 plaintiff sought to install a chain link fence around her property, including the strip in question. Plaintiff's contractor was prevented from completing that construction by defendant. Plaintiff then instituted this suit in the Chancery Court of Davidson County on October 14, 1978, seeking a temporary restraining order against the interference with the construction of the fence by defendant and for a permanent injunction as to installation and maintenance of said fence. The chancellor ordered a show cause hearing on the application for a temporary restraining order for November 16, 1978.

On November 8, 1978, the Honorable Walker Casey, a member of the Nashville bar, entered a general appearance on behalf of the defendant when he filed a pleading styled "REPLICATION TO SHOW CAUSE HEARING" in which plaintiff's right to relief was contested and in which the specific defense of adverse possession was raised. This pleading was executed by Mr. Casey as "Attorney for Defendant Martha L. Brown."

Thereafter, on the appointed date the application for a temporary restraining order was heard. Oral proof was taken and there was argument on the question of preliminary injunctive relief by counsel for both plaintiff and defendant. Thereafter, by order drawn by Mr. Casey as attorney for the defendant and entered November 17, 1978, the court denied plaintiff's request for extraordinary relief because of failure of the plaintiff to show "immediate urgency." That order further specified that "the case [be] put on the docket for trial."

The matter lay dormant for ten months insofar as the technical record reflects. Thereafter, on September 18, 1979, plaintiff moved that the case be set for trial. On October 2, 1979, an order was entered setting the matter for trial on December 6, 1979. On November 8, 1979, the chancellor on his own motion rescheduled the trial for December 14, 1979. The case was not heard on December 14, 1979, because it was not at issue. On January 23, 1980, plaintiff moved for a judgment by default on the basis that the defendant had failed to answer within the time prescribed by law. After oral argument of that motion on February 1, 1980, on February 8, 1980, the Chancellor entered an order granting plaintiff "a judgment by default against the defendant unless an answer is filed within 10 days from the entry of this order." Eleven days later on February 19, 1980, plaintiff moved the court to set the cause for trial. A second motion to set the matter for trial was filed on April 10, 1980. This motion was argued on April 18, 1980, and on April 24, 1980, the court set the matter for trial on April 29, 1980.

The case was finally heard *ex parte* on that date and on May 5, 1980, a final order was entered granting to plaintiff a permanent injunction against the defendant's interference with the installation and maintenance of the boundary fence. No appeal was taken from this final order.

After the filing of plaintiff's complaint, the entry of an appearance by defendant through counsel and the hearing of November 16, 1978, on the application for immediate extraordinary relief there were five orders and four motions filed in this cause *before* the entry of a final appealable order. In every instance the record reflects service of these documents on counsel for the defendant, either by the court or counsel for the plaintiff. Counting the final decree on ten occasions counsel for the defendant was served with ample warning that if his client intended to further defend plaintiff's suit that action in that regard must be taken. The technical record is completely devoid of

1. The parties will be hereafter referred to as in the trial court or by name.

any activity by defendant in the matter, any effort by Mr. Casey to remove himself as counsel of record or any effort to set aside the judgment of May 5, 1980, until after it had become final and the time for appeal had expired.

Finally, and apparently in response to plaintiff's motion for contempt alleging defendant's failure to comply with the mandate of the injunction, which was also served on counsel for the defendant, the defendant took some action.

Ms. Munday filed a pleading entitled "COMPLAINT" against Ms. Brown in the same suit on August 28, 1980, seeking to have the judgment of May 5, 1980 (and all other orders) set aside and declared null and void on the basis of "lack of service or notice on defendant." In the alternative Ms. Brown prayed "that this case be re-set for trial, at an early date, at a time convenient to the parties—for a hearing on the merits." Mr. Casey filed this "COMPLAINT" as counsel for Ms. Brown.

On September 18, 1980, John R. Parker, counsel for Ms. Munday filed with the court an affidavit recapping the various proceedings in the matter and noting that in every instance that a motion was filed or an order entered that a copy was sent to Mr. Casey.

The Chancellor construed the "COMPLAINT" as a petition for relief under T.R.C.P. 60 to set aside the judgment. By order dated September 19, 1980, copies of which were mailed to the lawyers and parties, he denied defendant's petition on the basis of failure to show any basis for relief pursuant to T.R.C.P. 60.[2]

Defendant, Ms. Brown, appeals from the order of the Chancellor of September 16, 1980. Pending this appeal, the injunctive relief ordered in the judgment of May 5, 1980, was stayed by the trial court.

This is not an appeal on the merits since a final decree was entered on May 5, 1980, and no appeal therefrom was taken within the time prescribed by law. The scope of our review is limited to a determination as to whether the trial court erred in denying the relief sought in defendant's "COMPLAINT" which the Chancellor quite properly treated as an application for relief under T.R.C.P. 60. Since the record is clear that the defendant was represented by counsel of record and that as such her attorney received copies of all motions and orders entered in the matter subsequent to counsel's initial appearance on November 8, 1979, we must determine if notice to counsel is constructive notice to the client

## 2. RULE 60.    RELIEF FROM JUDGMENTS OR ORDERS

### 60.01 Clerical Mistakes

Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court. 60.02 Mistakes; Inadvertence; Excusable Neglect; Fraud, etc.

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

whether or not she received actual notice. If so, no relief will lie under T.R.C.P. 60.

T.R.C.P. 5.02 [3] provides expressly that: "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service *shall be made upon the attorney* unless service upon the party himself is ordered by the court...." In the instant case there was never any order from the court suggesting service on the party. This being the case we read T.R.C.P. 5.02 as being mandatory in its requirements of service upon counsel of record, not the opposing party. Granted that opposing counsel might gratuitously [4] forward an additional copy to the party, however, once counsel has made an appearance, absent court order to the contrary, no such requirement exists. The express requirement is for service upon opposing counsel, no more and no less.

We believe the rule is based upon sound logic. Litigants are for the most part totally untrained in the niceties of legal pleadings and/or procedures. Once a litigant hires counsel, the judicial system operates with much more order, efficiency and, in the vast majority of cases, ultimate protection of the rights of litigants by requiring notification to the lawyers, not the parties.

The comment of the drafters of the rules is clear. "The details set out in the Rule are designed to give *every reasonable assurance* that a copy of the pertinent papers in the suit actually reach adversary parties through their counsel or directly." Further, "The Rule provides that copies need not be served on parties adjudged in default for failure to appear...." *Committee Comment*, T.R.C.P. 5. (Emphasis supplied).

If the defendant in this matter was indeed not made aware by her counsel of the myriad of motions and orders filed and entered in this cause leading up to and including the final decree, for whatever reason, it is unfortunate, to say the very least. However, the defendant must look elsewhere for recourse than against the plaintiff whose attorney followed to the absolute letter the provisions of the Tennessee Rules of Civil Procedure in obtaining judgment in this cause.

The ruling of the trial court is affirmed. The stay order pending this appeal is lifted. The matter is remanded to the trial court for such other proceedings as may be necessary to enforce the judgment. The costs of this appeal are taxed to the defendant.

AFFIRMED AND REMANDED.

TODD, P. J. (M.S.) and CANTRELL, J., concur.

---

3. *5.02 Service; How Made*

  *Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney* unless service upon the party himself is ordered by the court. *Service upon the attorney* or upon a party *shall be made by delivering to him a copy of the document to be served, or by mailing it to him at his last known address,* or if no address is known, by leaving the copy with the clerk of the court. *Delivery of a copy within this rule means: handing it to the attorney or to the party;* or leaving it as his office with his clerk or other person in charge thereof; or, if there is none in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. *Service by mail is complete upon mailing.* (Emphasis supplied).

4. Though we can conceive situations where a gratuitous copy of certain matters sent to the opposing party might be improper and possibly unethical, e.g., where one party has a serious illness and cannot physically or emotionally stand to read or hear the materials contained in a pleading or order and adversary counsel is so aware.