IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 29, 2007 Session

## JONATHAN PATRICK HAYES v. DEBORAH INGRID HAYES

**Direct Appeal from the Chancery Court for Rutherford County**
**No. 03-7565DR     Hon. Royce Taylor, Chancellor**

**No. M2006-02356-COA-R3-CV - Filed on September 6, 2007**

The Trial Court denied the husband Tenn. R. Civ. P. 60.02 relief from a default judgment in the divorce case. We grant a new trial as to equitable division of marital property.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated as to property division.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

F. Michie Gibson, Jr., Nashville, Tennessee, for Appellant.

James P. Barger, Murfreesboro, Tennessee, for Appellee.

## OPINION

### Background

On October 31, 2003, plaintiff husband filed a complaint for divorce against defendant wife. The complaint cited irreconcilable differences as the grounds for divorce, and in February 2004, defendant answered and filed a counter-complaint for divorce based upon irreconcilable differences.

On May 6, 2005, the Trial Court entered an agreed order that Ronald L. Stone should be substituted as counsel for the plaintiff, in the stead of Karla C. Hewitt. Subsequently, plaintiff filed a motion to amend, and an agreed order authorizing the amendment was entered in the Trial Court.

In December 2005, defendant filed a motion to compel the plaintiff to respond to outstanding discovery requests. The Trial Court found that the plaintiff had failed to respond to the defendant's first set of interrogatories submitted on November 1, 2005, and entered an order requiring plaintiff to produce responses to the interrogatories before January 27, 2006. The order further stated that failure to produce responses could result in a default judgment.

In February 2006, defendant filed a motion for default judgment, stating the plaintiff failed to respond to the defendant's amended counter-complaint and failed to comply with the Trial Court's order concerning the defendant's interrogatories. On February 24, 2006, the Trial Court entered a decree granting the defendant an absolute divorce, based upon the plaintiff's inappropriate marital conduct, and also granted the wife all personal property in her possession, all assets and debts in her individual name, a 2001 Lexus automobile, and the marital residence and all equity therein. The Court also restored the defendant her maiden name.

On July 25, 2006, plaintiff filed a motion to set aside the default judgment, pursuant to Tenn. R. Civ. P. 60, stating that his attorney did not inform him of the default judgment proceedings. On October 6, 2006, the Trial Court entered an order denying the plaintiff's motion to set aside the default judgment, and plaintiff appealed to this Court.

**Issues on Appeal**

Whether the Chancery Court abused its discretion when it refused to set aside its default judgment?

We apply an abuse of discretion standard when reviewing a trial court's entry of a default judgment and its denial of a Rule 60.02 motion to set that judgment aside. *Tenn. Dept. of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985); *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003); *see also Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (applying Rule 60.02 to a dismissal for failure to prosecute). A trial court has abused its discretion when it has applied an incorrect legal standard or has reached an illogical or unreasonable decision that causes injustice to the party complaining. *Henry*, at 479. "The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court." *Id.*

"For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Tenn. R. Civ. P. 55.02 (2005). The relevant portion of Rule 60.02 states, "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . ." Tenn. R. Civ. P. 60.02 (2005). "Under Rule 60 'the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect.'" *Tenn. Dept. of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (quoting *Tenn. State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980)). The courts are required to

construe Rule 60 liberally when a party seeks relief from a default judgment. *Barbee*, 689 S.W.2d at 867; *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). If any reasonable doubt exists as to whether the default judgment should be set aside, the courts should grant relief. *Nelson*, 826 S.W.2d at 486.

When evaluating a motion to set aside a default judgment based upon the grounds specified in Rule 60.02(1), courts are required to consider three factors: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (citing *Barbee*, 689 S.W.2d at 866).[1]

Both parties agree that the conduct of the plaintiff's former attorney, Ronald L. Stone, was negligent, but disagree as to whether his conduct may be imputed to the plaintiff and whether the plaintiff's conduct during the case was inexcusably neglectful. The issue of willfulness in this case consists of two components: (1) whether the failure of the Plaintiff's former attorney, Ronald L. Stone, to respond to the Defendant's amended counter-complaint, the Chancery Court's order compelling discovery, and the Defendant's motion for a default judgment constitutes willful conduct and (2) the extent to which the attorney's conduct may be attributed to the plaintiff.

An attorney's negligence may constitute excusable neglect under Tenn. R. Civ. P. 60.02(1) so long as that conduct is not willful. *Henry*, 104 S.W.3d at 481 (directing the courts to consider "whether the default was willful"); *Barbee*, at 866. Wilful conduct does not include simple negligence or carelessness.[2] It does include conduct resulting from "deliberate choices"[3] as well as

---

[1]The Tennessee Supreme Court originally adopted this three-factor analysis from the United States Court of Appeals for the Second Circuit. *Barbee*, 689 S.W.2d at 866 (quoting the three-factor analysis from *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)).

[2]*Barbee*, 689 S.W.2d at 865, 868 (defendant's default not willful, although default was due to defense counsel's failure to check his mail while out of the country); *Evans v. Wintrow*, No. M2003-00788-COA-R3-CV, 2005 WL 2416634, at *5 (Tenn. Ct. App. Sept. 30, 2005) (plaintiff counsel's failure to check his mail while out of state, which resulted in dismissal for failure to prosecute, was "sloppy and careless," but not willful); *see Campbell v. Archer*, 555 S.W.2d 110, 111, 112–13 (Tenn. 1977) (defense counsel's failure to be aware of notices sent to his office was excusable neglect); *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266 (Tenn. Ct. App. 1973) (corporate defendant's conduct was excusable error where the defendant received the complaint and summons, but subsequently failed to convey them to the corporate headquarters, resulting in failure to file an answer and default judgment).

[3]*See Barber & McMurry, Inc. v. Top-Flite Dev. Corp. Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986) (Defense counsel knew the trial date, but elected not to attend trial because he had another trial scheduled in a different county.).

conduct that is flagrant and unexplained.[4]

This view of willfulness finds further support from the United States Court of Appeals for the Second Circuit, setting forth the willfulness standard which our Supreme Court adopted in *Barbee*. The Second Circuit defines willfulness as "conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *accord Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context."). The Second Circuit's definition does include "strategic decision[s] to default"[5] and conduct that is "egregious and not satisfactorily explained."[6]

At the Rule 60 hearing, attorney Stone testified that he moved out of his office in November 2005, and his mail was interrupted. Although he sent his updated address to the clerk's offices, the Board of Professional Responsibility, and the Tennessee Commission on Continuing Legal Education and Specialization, he neglected to send his updated address to defendant's counsel. As a result of this neglect, defendant's motion to compel responses to discovery, the Trial Court's order compelling such responses, the defendant's motion for a default judgment, and the Trial Court's default judgment were all sent to the wrong address.

Mr. Stone's letter to the Board of Professional Responsibility indicates that after the Trial Court entered its default judgment in February 2006, Stone was under the impression that the previously scheduled trial date of April 17, 2006 was still in effect. The letter further indicates that more than 30 days after the Trial Court entered its default judgment, but prior to the previously

---

[4]*See Munday v. Brown*, 617 S.W.2d 897 (Tenn. Ct. App. 1981) ("[O]n ten occasions counsel for the defendant was served with ample warning that if his client intended to further defend plaintiff's suit that action in that regard must be taken," but defense counsel, without explanation, took no action.).

[5]*Am. Alliance Ins. Co.*, 92 F.3d at 61 (citing *United States v. Erdoss,* 440 F.2d 1221 (2d Cir. 1971); *Dal Int'l Trading Co. v. Sword Line, Inc.,* 286 F.2d 523 (2d Cir.1961); *Benton v. Vinson, Elkins, Weems & Searls,* 255 F.2d 299 (2d Cir. 1958)).

[6]*McNulty*, 137 F.3d at 738; *see, e.g.*, *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243–44 (2d Cir.1994) (failing, for incredible reasons, to respond to the complaint, after purposely evading service for months);*Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir.1980) (failing, without explanation, to comply with scheduling orders); *Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir.1978) (failing, for incredible reasons, to appear at a scheduled pre-trial conference and delaying, due to the collapse of counsel's office floor, more than ten months before moving to set aside the resulting default); *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976) (failing, without explanation, to respond to a motion for summary judgment); *Schwarz v. United States*, 384 F.2d 833, 835–36 (2d Cir.1967) (attorney's decision to wait until the eve of trial to inform the Court that he would be unavailable to try the case the next day was inexcusable).

-4-

scheduled trial date, Stone called defendant's counsel in an attempt to settle the case. As a result of this phone call, Stone learned of the Trial Court's default judgment.

The defendant argues that plaintiff's refusal to answer interrogatories was willful, but plaintiff testified that Mr. Stone never sent him the interrogatories. Stone told the Board of Professional Responsibility that he sent the interrogatories to plaintiff, but Stone subsequently testified he was unsure whether he sent the interrogatories to the plaintiff or not. Plaintiff failed to provide Stone with an up-to-date mailing address, but did provide Stone with an up-to-date phone number. The plaintiff testified that he called Mr. Stone "a few times," but Stone did not return his calls and did not inform him of the divorce proceeding's status.

At some subsequent point, the Plaintiff's parents filed a complaint against Stone with the Board of Professional Responsibility, and according to plaintiff's affidavit, plaintiff did not learn of the default until the Board of Professional Responsibility responded to his parents' complaint. The plaintiff received this response around July 2006, and filed his motion to set aside the default judgment on July 25, 2006.

The outlined conduct of the plaintiff and his former attorney is more akin to simple neglect or carelessness traditionally deemed excusable by Tennessee's courts; it does not rise to the level of wilful conduct. *Tenn. Dept. of Human Servs. v. Barbee*, 689 S.W.2d 863 (Tenn. 1985); *Campbell v. Archer*, 555 S.W.2d 110 (Tenn. 1977); *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266 (Tenn. Ct. App. 1973); *Evans v. Wintrow*, No. M2003-00788-COA-R3-CV, 2005 WL 2416634 (Tenn. Ct. App. Sept. 30, 2005).

The assertion of a meritorious defense is an essential prerequisite for relief from a default judgment. *Patterson v. Rockwell Intern.*, 665 S.W.2d 96, 100–01 (Tenn. 1984). Defendant argues that plaintiff's assertion of a meritorious defense is too conclusory to satisfy the meritorious defense prerequisite. The plaintiff's affidavit supporting his motion states, "[I]f I had known that a default judgment was being sought against me and a trial had been set, I would have come into Court and defended this action against me and made a claim for my portion of the marital estate."

This Court has found a similar statement to be too conclusory to constitute a meritorious defense to a suit for divorce. *Turner v. Turner*, 739 S.W.2d 779, 781 (Tenn. Ct. App. 1986) (finding the following statement to be too conclusory: "My wife has taken a considerable amount of our property which I feel the court would have awarded to me if I could have been present at the hearing.").

In *Turner*, however, this Court did not have a transcript of the proceedings for the Rule 60 motion. *Id.* at 780. In the present case, the transcript of the Rule 60 motion hearing is in the record, and it shows that the plaintiff, while not disputing the grounds of divorce, did dispute the division of marital property and presented testimony indicating the largest marital assets were given to the defendant. Because plaintiff only disputes the division of marital property, we conclude the foregoing satisfies the meritorious defense prerequisite. *Cooper v. Cooper*, No. M2007-1002-COA-

R10CV, 2007 WL 1791678, at *3 (Tenn. Ct. App. June 8, 2007) ("While a party seeking to set aside a default judgment may not rely on mere conclusory statements regarding a meritorious defense, the party is also not required to demonstrate that the party's defenses will ultimately prevail."); *Moyers v. Moyers*, No. 03A01-9207-CH-240, 1992 WL 354850, at *2 (Tenn. Ct. App. Dec. 3, 1992) (stating that strict application of the meritorious defense prerequisite is questionable "in a divorce proceeding which questions only the division of marital property").

Finally, defendant argues that going to trial will cause her to incur attorney's fees and court costs and that too much time has passed since the parties separated. Yet, "[s]imply having to proceed to trial does not constitute prejudice, nor does the mere passage of time." *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003). Moreover, we note that the judicial system's general objective is to dispose of cases on the merits. *Id.* at 481. Accordingly, "when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits." *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). For the foregoing reasons, the Trial Court's refusal to set aside the default judgment was error. We affirm that portion of the Decree granting the parties a divorce, but vacate that portion of the Trial Court's Decree which awarded the marital property.

The case is remanded, and the Trial Court is directed to hold an evidentiary hearing on the issue of an equitable division of marital property.

The cost of the cause is assessed to Deborah Hayes.

_____
HERSCHEL PICKENS FRANKS, P.J.