IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 24, 2011 Session

## ROBERT R. SMITH, AS CONSERVATOR FOR THE ESTATE OF H. BOYD ISRAEL, WARD v. MARK ISRAEL

**Appeal from the Circuit Court for Williamson County**
**No. 201019      James G. Martin, III, Judge**

---

**No. M2011-00145-COA-R3-CV - Filed October 31, 2011**

---

Petitioner sought to domesticate four orders entered by a probate court in Georgia for the payment of money pursuant to the Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. §26-6-101, *et seq*. The trial court granted the petitioner the relief he sought, and the debtor appealed, arguing Tennessee public policy should prevent the orders from being enforced based on the unusual circumstances surrounding the issuance of the orders and his attorney's misconduct in the Georgia proceedings. We affirm the trial court's judgment because the Georgia court had jurisdiction to enter the orders and Tennessee courts are not in a position to review the facts leading to a foreign court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Harold Richard Donnelly, Nashville, Tennessee, for the appellant, Mark Israel.

Dudley Alexander Cheadle, Nashville, Tennessee, for the appellee, Robert R. Smith, as Conservator for the Estate of H. Boyd Israel, Ward.

### OPINION

This case involves the enforcement in Tennessee of four separate orders for the payment of attorney's fees entered in 2009 by the Probate Court for Lee County, Georgia.

### I. PROCEDURAL HISTORY

At all material times, Mark Israel resided in Tennessee and his father, H. Boyd Israel,

resided in Georgia. Sometime in 2007 Mr. Israel became concerned about his father's declining health and arranged for a conservator and guardian to be appointed to make sure his father, H. Boyd Israel, received proper medical care in Georgia. Following this appointment, the record indicates Mr. Israel filed numerous complaints with the Adult Protective Services of the Georgia Department of Human Resources beginning in 2008 and continuing into 2009 alleging abuse, neglect, or exploitation of his father. An investigation into the alleged facts was conducted each time a complaint was filed, and in each instance the complaint precipitating the investigation was determined to have no merit.

During the first part of 2009, Robert R. Smith, the Conservator for the Estate of H. Boyd Israel, filed three separate motions with the probate court in Georgia seeking an award of attorneys' fees against Mr. Israel for having to defend against complaints Mr. Israel made against the Conservator, his father's guardians, their counsel, and the court itself (seeking recusal), none of which, apparently, was determined to have any merit. The court held a hearing on June 9 to consider the Conservator's motions, and on June 15 the court entered three orders awarding the Conservator attorneys' fees in the amount of $10,924.41 (the "June Orders").

The record indicates Mr. Israel hired an attorney named Elliot Vogt to represent him at the hearing on June 9. Mr. Vogt apparently told Mr. Israel that he would appeal the June Orders. In fact, however, Mr. Vogt did not appeal the June 15 Orders in a timely manner, as he promised.[1]

On August 3, 2009, the Probate Court issued a Rule Nisi in which it ordered Mr. Israel to appear in court on August 25 to explain why he should not be held in contempt of court for violating the terms of a court-sanctioned settlement agreement prohibiting Mr. Israel from objecting to his father's care without objective medical evidence of abuse or neglect.[2] The certificate of service shows the Probate Court clerk served the Rule Nisi on Mr. Vogt on August 3 by mail, First Class Postage pre-paid, but neither Mr. Vogt nor Mr. Israel appeared in court on August 25, as ordered. The Probate Court then issued an Order on August 28, finding Mr. Israel in contempt of court and ordering him to appear before the court on September 15 for a sentencing hearing. The certificate of service showed this Order was served on Mr. Vogt on August 28 by mail, First Class Postage pre-paid. Neither Mr. Israel

---

[1]Mr. Vogt filed an Application for Discretionary Appeal on July 27 in which he claimed the court erred in issuing the June 15 Orders. The Conservator filed a motion to dismiss the appeal, in part, because it was filed twelve days late. Mr. Vogt did not respond to the motion to dismiss, and the court consequently dismissed the appeal on November 24.

[2]These objections were separate from , and in addition to, the complaints that were the subject of the June 15 Orders.

nor his attorney appeared at this hearing either.

Following the hearing on September 15, the court entered an Order Sentencing Mr. Israel and Assessing Attorney's Fees that was dated September 16, 2009. The court sentenced Mr. Israel to spend 100 days in jail for three separate violations of the court-sanctioned settlement agreement and for failing to appear in court on August 25 and September 15, as ordered.[3] The court also ordered Mr. Israel to pay the Conservator $14,454 in attorney's fees to reimburse Mr. Israel's father's estate for the legal expenses and costs incurred in defending against the complaints Mr. Israel filed with Adult Protective Services. The certificate of service showed this Order was served on Mr. Vogt on September 16, 2009, by mail, First Class Postage pre-paid. The record does not show the court's Order dated September 16, 2009, was appealed or sought to be set aside for any reason.

## II. PETITION TO DOMESTICATE JUDGMENTS

In January 2010 the Conservator filed a Petition to Enforce and Register Foreign Decree in the Circuit Court of Williamson County, which county is where Mr. Israel resides. In reliance on Tenn. Code Ann. §26-6-101, *et seq.*, the Conservator sought to domesticate the June Orders as well as the order dated September 16 (together, the "Georgia Orders"). The total Mr. Israel was ordered to pay was $25,378.41. Mr. Israel filed an Answer in which he denied he was obligated to pay this money to the Conservator because, due to the actions and/or omissions of his attorney, Mr. Vogt, the Orders were entered or became final without notice to Mr. Israel. Mr. Israel also filed a Counterclaim in which he asserted the Conservator's pursuit of this case was against the public policy of Tennessee and a violation of Mr. Israel's due process rights.

The Conservator filed a motion for summary judgment and motion to dismiss Mr. Israel's counterclaim for failure to state a claim for relief. Following a hearing, the trial court issued an Order granting the Conservator's motions and dismissing Mr. Israel's counterclaim. The court wrote:

> The Court finds that the Georgia Court would be the proper venue to contest the Georgia orders. There are no appeals or motions to set aside the Georgia orders pending in the Georgia Courts. Defendant has not filed any motions to set aside the Georgia orders. There are no contentions by defendant that Georgia law was not properly followed when the Georgia orders were

---

[3]Mr. Israel was ultimately arrested and incarcerated in Tennessee on an arrest warrant resulting from this sentence, but he was released after posting bond. The arrest warrant was dismissed based on an affidavit by Mr. Vogt in which he stated he had not received notice of the August or September hearings.

entered. Defendant's assertions of lack of due process and public policy are not viable causes of action. The monetary damages awarded plaintiff in the Georgia orders should be given full faith and credit and are enforceable in the State of Tennessee, pursuant to Tenn. Code Ann. § 26-6-101, et seq.

It is accordingly, ORDERED, ADJUDGED AND DECREED that defendant, Mark Israel, pay to plaintiff, Robert R. Smith, as conservator for the estate of H. Boyd Israel, ward, the sum of $25,378.41; to accrue post-judgment interest at the statutory rate of ten (10%) percent per annum, pursuant to Tenn. Code Ann. § 47-14-121, and that the costs of this cause are assessed to defendant; for all of which execution may issue. This is a final judgment.

Mr. Israel filed a motion to alter or amend the trial court's judgment pursuant to Tenn. R. Civ. P. 59.04 on the basis that enforcing the Georgia Orders is against the public policy of Tennessee or, in the alternative, there is a genuine issue of material fact rendering the grant of summary judgment inappropriate. The trial court denied Mr. Israel's motion to alter or amend, and Mr. Israel appealed the court's judgments to this Court.

### III. ISSUE ON APPEAL

Mr. Israel argues the trial court erred in granting the Conservator summary judgment and ordering Mr. Israel to pay the fees at issue in the Georgia Orders because giving full faith and credit to the Georgia Orders violates the public policy of the State of Tennessee. Mr. Israel argues he was denied due process in the Georgia proceedings due to the alleged fraudulent conduct by his attorney in Georgia, Elliot Vogt. Mr. Israel alleges Mr. Vogt failed to appeal the June Orders in a timely fashion, as Mr. Vogt promised Mr. Israel he would do, and Mr. Vogt failed to inform Mr. Israel of the court-ordered hearings set for August and September 2009 that resulted in contempt orders being entered against Mr. Israel.

### IV. STANDARD OF REVIEW

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Id.* Accordingly, this court must review the record *de novo* and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). The filings supporting the motion must show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Blair*, 130 S.W.3d at 764.

## V. ENFORCING THE GEORGIA ORDERS DOES NOT VIOLATE PUBLIC POLICY

The Uniform Enforcement of Foreign Judgments Act is set out in Tenn. Code Ann. §26-6-101 *et seq*. Section 26-6-104 provides in pertinent part as follows:

(a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.

(b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.

(c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

The Tennessee Court of Appeals has interpreted section (c) to mean that the "grounds and procedures for vacating or reopening foreign judgments are those contained in Tenn. R. Civ. P. 60.02." *Biogen Distributors v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992). Rule 60.02 sets forth grounds for relief from a final judgment, including "(1) mistake, inadvertence, surprise or excusable neglect, (2) fraud . . . , misrepresentation, or other misconduct of an adverse party;" or "(5) any other reason justifying relief from the operation of the judgment." The record does not reflect that Mr. Israel filed a pleading in Georgia seeking relief from the Georgia Orders.[4]

Because foreign judgments are normally entitled to full faith and credit in the courts of Tennessee, Mr. Israel bears a "stern and heavy" burden in seeking to invalidate the Georgia Orders. *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999) (quoting *Biogen Distributors*, 842 S.W.2d at 256 (itself quoting *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989))). Mr. Israel does not contend the trial court lacked jurisdiction to consider the Conservator's petition or that he did not receive procedural due process here in Tennessee. Instead, he argues the Georgia Orders should not be enforced because of his attorney's misconduct.

---

[4]Georgia has a statute similar to Tennessee's Rule 60 that provides relief from a judgment based on similar grounds. *See* Ga. Code Ann., §9-11-60 (motion may be filed to set aside a judgment based on "fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant"). The record does not reflect whether Mr. Israel filed a motion in Georgia pursuant to this statute seeking relief from any of the orders at issue.

Even if Mr. Israel did not know about the Georgia contempt hearings set for August and September 2009, there is evidence in the record that Mr. Vogt received proper and timely notice of these hearings. Despite Mr. Israel's argument that he should not be bound by his attorney's misconduct, the law is settled in Tennessee that notice to an attorney is constructive notice to a party. *See* Tenn. R. Civ. P. 5.02 (when a party is represented by an attorney, service is to be made upon the attorney unless service on the party is ordered by the court).

The facts of the case *Munday v. Brown*, 617 S.W.2d 897 (Tenn. Ct. App. 1981), are similar to the facts here to the extent the defendant's lawyer in *Munday* failed to notify the defendant of court proceedings. *Id*. at 898. In *Munday*, the defendant's lawyer filed an appearance at the beginning of the case but failed to take any action to defend against the plaintiff's claims after the initial proceedings until after the court granted the plaintiff a default judgment. *Id*. at 898-89. At the conclusion of the case, when the plaintiff moved to hold the defendant in contempt for failing to comply with the court's final order granting the plaintiff the relief prayed for, the defendant's lawyer filed a pleading he styled "Complaint" in which he asked the court to set aside the judgment. The basis for the defendant's request was the lack of service or notice on the defendant personally of the court proceedings leading up to the final judgment. *Id.* at 899. The court treated the pleading as a Rule 60 motion seeking relief from the judgment, and then denied the motion because the defendant failed to show she had any basis for relief. *Id*.

On appeal the Court of Appeals affirmed the trial court's judgment, explaining that so long as the defendant was represented by an attorney, notice to her attorney was constructive notice to the defendant, regardless of whether or not the defendant received actual notice. *Id.* at 899-900. Analyzing the service requirements set out in Tenn. R. Civ. P. 5.02, the court wrote: "The express requirement is for service upon opposing counsel, no more and no less." *Id*. at 900. The court recognized the defendant's frustration with this result and explained:

> If the defendant in this matter was indeed not made aware by her counsel of the myriad of motions and orders filed and entered in this cause leading up to and including the final decree, for whatever reason, it is unfortunate, to say the very least. However, the defendant must look elsewhere for recourse than against the plaintiff whose attorney followed to the absolute letter the provisions of the Tennessee Rules of Civil Procedure in obtaining judgment in this cause.

*Id.*; *see Moody v. Moody*, 681 S.W.2d 545, 545 (Tenn. 1984) (counsel's knowledge must be

attributed to client if courts' actions are to have any efficacy); *Walker v. Walker*, 211 S.W.3d 232, 237 (Tenn. Ct. App. 2006) (attorney's negligence does not constitute "excusable neglect" and is not grounds for Rule 60 relief).

We reach the same result with respect to the June Orders that Mr. Vogt sought to appeal after the time period for appeals had run. Mr. Israel has no grounds to contest the finality of the June Orders based on his attorney's failure to appeal them in a timely manner. Mr. Israel could have filed the equivalent of a Rule 60 motion in Georgia to seek relief from the June Orders and the September 16 Order, either with the help of another attorney or on his own.

Mr. Israel complains the Conservator is aware of Mr. Vogt's misconduct and should not be permitted to enforce the Georgia Orders since Mr. Israel did not have an opportunity to challenge the Orders before they became final. The problem with Mr. Israel's argument is that the Conservator acted in accordance with the law by serving each of his court filings on Mr. Vogt, who was Mr. Israel's legal representative. Mr. Israel may have a cause of action against Mr. Vogt for his nonfeasance and misfeasance, but the Conservator is not responsible for Mr. Vogt's misconduct.

Because Tennessee courts would, and have, enforced judgments obtained without the personal knowledge of the defendant but with notice to defendant's attorney, such enforcement is clearly not contrary to public policy in Tennessee.

Courts in this state are not in a position to reconsider the facts supporting a judgment from another state to determine whether or not it was properly entered and will afford foreign judgments full faith and credit so long as the foreign court had jurisdiction to enter the judgments. *Hart*, 10 S.W.3d at 269 (citing *Dement*, 777 S.W.2d at 36 and *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. App. Ct. 1983)). Mr. Israel does not contend the Georgia court lacked jurisdiction to enter the judgments, and he has not sought relief from those orders in the Georgia courts. Accordingly, we affirm the trial court's judgment granting summary judgment to the Conservator and denying Mr. Israel's motion to alter or amend the judgment.

## VI. CONCLUSION

For the reasons stated above, we affirm the trial court's judgment and hold Mr. Israel is required to pay the Conservator $25,378.41 in addition to the post-judgment interest required by law.  Costs of this appeal are taxed to the appellant, Mark Israel.

_____
PATRICIA J. COTTRELL, JUDGE