BIOGEN DISTRIBUTORS, INC.,
**Plaintiff/Appellee,**

v.

Herbert **TANNER, Defendant/Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 2, 1992.

Permission to Appeal Denied by
Supreme Court Nov. 30, 1992.

Stephen M. Miller, Nashville, for plaintiff/appellee.

James T. Allison, Memphis, for defendant/appellant.

## OPINION

KOCH, Judge.

This appeal involves the enforcement of a Florida judgment against a judgment debtor residing in Tennessee. The judgment debtor attempted to collaterally attack the validity of the Florida judgement after the judgment creditor commenced proceedings in the Chancery Court for Davidson County under the Uniform Enforcement of Foreign Judgments Act. The trial court granted the judgment creditor's motion for summary judgment and entered an order finding that the Florida judgment should be accorded full faith and credit in Tennessee. The judgment debtor has appealed. We affirm the trial court.

### I.

Biogen Distributors, Inc. ("Biogen") and another Miami-based corporation sued Herbert Tanner in the Circuit Court of the Eleventh Judicial Circuit of Florida. Mr. Tanner, a Memphis resident, was properly served with process and eventually filed a pro se answer that generally denied the allegations in the complaint but did not take issue with the Florida court's jurisdiction over his person. He later filed an amended answer "denying any contact in

Florida sufficient to allow jurisdiction over him in the above styled case."

Mr. Tanner also retained Florida counsel who filed a belated motion for permission to amend the answer to assert his jurisdictional defenses. The Florida court, relying on Fla.R.Civ.P. 1.140(b),[1] denied the motion. Three months later, the Florida court granted Biogen's motion for summary judgment and entered a judgment against Mr. Tanner for $125,416. Mr. Tanner's appeal from this judgment was eventually dismissed. *Tanner v. Dynamic Telecommunications, Inc.,* 547 So.2d 1220 (Fla. Dist.Ct.App.1989).

In September 1989, Biogen filed an action in the Chancery Court for Davidson County seeking to domesticate its Florida judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, Tenn.Code Ann. §§ 26–6–101, –107 (1980). Mr. Tanner retained Tennessee counsel who filed an "answer" asserting that the Florida judgment was "void for lack of jurisdiction."[2] Biogen responded by filing a motion for summary judgment supported by certified copies of papers from the Florida court. Mr. Tanner never responded to the summary judgment motion, and on December 12, 1990, the trial court entered an order granting the summary judgment and directing that Biogen's Florida judgment be accorded full faith and credit in Tennessee.

## II.

Mr. Tanner first asserts that summary judgments should not be used in proceedings to domesticate foreign judgments under the Uniform Enforcement of Foreign Judgments Act. We disagree.

■ Summary judgments provide a quick, inexpensive means to conclude cases that can be resolved solely on controlling legal issues. *Bellamy v. Federal Express Corp.,* 749 S.W.2d 31, 33 (Tenn.1988); *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547, 550 (Tenn.1981). They may be used in any civil case filed in the circuit or chancery court unless doing so would be contrary to another statute or court rule. Tenn.R.Civ.P. 1; *Owen v. Stanley,* 739 S.W.2d 782, 786 (Tenn.Ct.App.1987).

■ The Uniform Enforcement of Foreign Judgments Act does not foreclose the use of summary judgments, and we have been cited to no other statute or court rule prohibiting their use in cases such as this one. Therefore, we find that persons seeking to domesticate a foreign judgment may do so using a summary judgment as long as they satisfy the trial court, as required by Tenn.R.Civ.P. 56.03, that there are no disputes as to any material fact and that they are entitled to a judgment as a matter of law.

## III.

Mr. Tanner next asserts that granting the summary judgment was improper because Biogen did not support its motion with "affidavits or other documents outside the pleadings." This argument betrays a lack of familiarity with both Tenn.R.Civ.P. 56 and the record in this case.

Nothing in Tenn.R.Civ.P. 56 requires summary judgment motions to be supported by evidentiary materials. To the contrary, Tenn.R.Civ.P. 56.02 and 56.03 state that the motions may be made "with or without supporting affidavits" and may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," demonstrate the absence of material factual disputes. These provisions have prompted most courts to hold that persons seeking a summary judgment need not support their motion with any evidentiary materials outside the pleadings. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); 6 James W. Moore et al., *Moore's Federal Practice* ¶ 56.11[3], at 56–114 (2d ed. 1992); 10A Charles A. Wright et al., *Federal*

---

**1.** Fla.R.Civ.P. 1.140(b) is substantially similar to Tenn.R.Civ.P. 12.02.

**2.** The answer makes it clear that Mr. Tanner was not attacking the Florida court's subject matter jurisdiction but rather its personal jurisdiction.

*Practice and Procedure* § 2722, at 54–55 (2d ed. 1983).

In addition to being mistaken concerning Tenn.R.Civ.P. 56's requirements, Mr. Tanner has overlooked the fact that Biogen supported its summary judgment motion with certified copies of many of the papers filed in the Florida proceeding. With the exception of the final judgment of the circuit court in Florida, none of these papers were appended to Biogen's complaint. Thus, Biogen has, in fact, supported its motion with evidentiary materials beyond the pleadings.

■ Mr. Tanner also attaches great significance to the fact that Biogen did not file certified copies of all the papers filed in the Florida courts. Tenn.Code Ann. § 26–6–104(a), however, requires only that an authenticated copy of the foreign judgment itself be filed. A party confronted with a summary judgment motion should not ignore it or take its predicament lightly. *Fowler v. Happy Goodman Family, Inc.*, 575 S.W.2d 496, 498 (Tenn.1978). Rather than resting on "the mere allegations or denials of his pleading," Tenn.R.Civ.P. 56.05 requires a party opposing a summary judgment motion to respond by "setting forth facts showing that there is a genuine issue for trial." Accordingly, if Mr. Tanner believed that some other papers were material, he should have filed them himself.

### IV.

Mr. Tanner finally argues that permitting Biogen to enforce its Florida judgment would be contrary to Tennessee's public policy and would result in a "great injustice." We disagree. While enforcing the judgment may be an economic hardship on Mr. Tanner, he is the author of his own misfortune.

Foreign judgments are ordinarily entitled to full faith and credit in Tennessee's courts. However, Tenn.Code Ann. § 26–6–104(c) states that they are subject to the same defenses and may be vacated or re-opened on the same grounds and procedures used to vacate or reopen Tennessee judgments. Thus, the grounds and procedures for vacating or reopening foreign judgments are those contained in Tenn. R.Civ.P. 60.02.

Tenn.R.Civ.P. 60.02(3) states that a final judgment may be set aside if it is void. Therefore, not surprisingly, the two most common circumstances when courts will refuse to give full faith and credit to a foreign judgment are when the court entering the foreign judgment had no personal or subject matter jurisdiction, *Topham v. L.L.B. Corp.*, 493 S.W.2d 461, 462 (Tenn. 1973); *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn.Ct.App.1983), and when enforcing the judgment would be contrary to Tennessee's public policy. *In re Riggs*, 612 S.W.2d 461, 465 (Tenn.Ct.App.1980), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981).

■ Parties seeking to undermine the validity of a foreign judgment have a "stern and heavy" burden. *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn.Ct.App. 1989). If they are seeking to challenge the foreign court's jurisdiction, they must demonstrate that the foreign court did not acquire jurisdiction under the law of the state where the judgment was obtained. *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 442 (Tenn.Ct. App.1984). Mr. Tanner has not presented a convincing argument that the Florida courts did not acquire jurisdiction over him or that the judgment itself is contrary to Tennessee's public policy.

■ Mr. Tanner's "lack of minimum contacts" assertions are irrelevant since he entered a general appearance in the Florida proceedings by filing an answer to Biogen's complaint without first raising the issue of personal jurisdiction. Like Tennessee courts,[3] Florida courts recognize that parties who do not raise the issue of lack of personal jurisdiction in their original pleading or motion to dismiss are deemed to

---

3. *Felty v. Chillicothe Realty Co.*, 175 Tenn. 315, 318, 134 S.W.2d 153, 154 (1939); *Tennessee Dep't of Human Servs. v. Daniel*, 659 S.W.2d 625, 626 (Tenn.Ct.App.1983); *Wright v. Universal Tire, Inc.*, 577 S.W.2d 194, 195–96 (Tenn.Ct. App.1978).

have waived the defense and to have submitted themselves to the court's jurisdiction. *Consolidated Aluminum Corp. v. Weinroth,* 422 So.2d 330, 331 (Fla.Dist.Ct. App.1982); *Royal Indus., Inc. v. Birdsong,* 340 So.2d 526, 528 (Fla.Dist.Ct.App.1976).

No matter how unfortunate, Mr. Tanner must bear the consequences of his ill-considered, and apparently uncounseled, decision to represent himself in the early stages of the Florida proceedings. The Florida courts' finding that he submitted himself to their jurisdiction by filing a general answer is consistent not only with Florida but also with Tennessee law. Therefore, we have no basis upon which to conclude that enforcing Biogen's Florida judgment in Tennessee would violate our public policy.

## V.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Herbert Tanner and his surety for which execution, if necessary, may issue.

TODD, P.J., and CANTRELL, J., concur.