IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2008 Session


PROGRESS PRINTING COMPANY, INC. v.
RELIABLE PRINTING & GRAPHIC DESIGN, INC.


Appeal from the Circuit Court for Sevier County
No. 2006-0667-IV     O. Duane Slone, Judge


No. E2007-1492-COA-R3-CV - FILED APRIL 23, 2008


Progress Printing Company, Inc. ("Plaintiff") filed a petition in the Circuit Court for Sevier County, Tennessee ("Trial Court") seeking to domesticate a foreign judgment obtained in Virginia against Reliable Printing & Graphic Design, Inc. ("Defendant"). Defendant filed a motion to dismiss the petition claiming, in part, that the Virginia court lacked personal jurisdiction over Defendant and, therefore, the Virginia judgment is void. The Trial Court entered an order on June 7, 2007, *inter alia*, denying Defendant's motion to dismiss the petition, and granting Plaintiff's petition to domesticate the Virginia judgment. Defendant appeals to this Court. We affirm the denial of the motion to dismiss the petition, vacate that portion of the Trial Court's order granting Plaintiff's petition to domesticate the Virginia judgment, and remand to the Trial Court for further proceedings.


Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed, in part; and Vacated, in part; Case Remanded


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and SHARON G. LEE, J., joined.

Dudley W. Taylor and Jonathan S. Taylor, Knoxville, Tennessee for the Appellant, Reliable Printing & Graphic Design, Inc.

Preston A. Hawkins, Knoxville, Tennessee for the Appellee, Progress Printing Company, Inc.

# OPINION

## Background

In August of 2006, Plaintiff obtained a judgment ("the Judgment") against Defendant in the Circuit Court for Campbell County, Virginia for $62,245.41 plus pre- and post-judgment interest, attorneys fees, and costs for damages related to a claimed breach of contract. As Defendant can be found in Pigeon Forge, Tennessee, Plaintiff filed a petition ("the Petition") in the Circuit Court for Sevier County seeking to domesticate the Judgment. A certified copy of the Judgment attached to the Petition shows that the Virginia court found that proper service of process was obtained on Defendant, but that Defendant failed to file any responsive pleading in that case.

Defendant responded to the Petition by filing a motion to dismiss alleging, among other things, that the Virginia court lacked personal jurisdiction over Defendant and, therefore, the Judgment was void and unenforceable. Defendant attached the affidavit of Charles R. Davis, Defendant's principal officer ("Davis Affidavit"), in support of its motion alleging, among other things, that Defendant never had qualified to transact business in the state of Virginia and had not transacted business in the state of Virginia. The Davis Affidavit admitted that Plaintiff and Defendant had had business dealings, but alleged that these dealings arose out of a solicitation of Defendant by one of Plaintiff's employees, a Tennessee resident, and that "[m]ost of the business transactions were arranged through e-mail, with occasional facsimile and USPO mail communications…" with one of Plaintiff's employees occasionally coming to Defendant's place of business in Tennessee.

Plaintiff opposed Defendant's motion to dismiss and filed, among other things, the affidavit of Steve Pettyjohn, Plaintiff's credit manager ("Pettyjohn Affidavit"), which alleged, among other things, that in October of 2003 Plaintiff received a credit application filled out by a representative of Defendant and opened a credit account for Defendant. The Pettyjohn Affidavit further alleged that during the next two years, Plaintiff and Defendant conducted business "on at least twenty eight (sic) (28) separate occasions, in an amount totaling more than $724,000.00." A copy of the credit application allegedly completed by Defendant was attached to the Pettyjohn Affidavit and contains the following language:

> The Purchaser waives any objection that it may now or hereinafter have to the laying of jurisdiction and venue of any such suit, action, or proceeding brought in the Circuit Court for the Count (sic) of Campbell, Virginia, and claim that any such suit, action or proceeding has been brought in an inconvenient forum.

Copies of several invoices from Plaintiff to Defendant also were attached to the Pettyjohn Affidavit, and each of these invoices contains the same forum selection clause as appears in the credit application.

Defendant then filed a response to Plaintiff's response asserting, in part, that the credit application attached to the Pettyjohn Affidavit was not signed by or on behalf of Defendant and, further, that Defendant, a Tennessee corporation, was not in existence in October of 2003. Defendant attached as an exhibit a copy of its charter showing that Defendant was incorporated in September of 2004. Defendant also disputed Plaintiff's assertion "that the invoices contained a 'clear and unambiguous forum selection clause.'"

The Trial Court heard only argument from counsel for both sides on Defendant's motion on the issue of whether the Virginia court had personal jurisdiction over Defendant. The Trial Court then entered an order on June 7, 2007, *inter alia*, denying Defendant's motion to dismiss the Petition, and granting the Petition to domesticate the Virginia judgment. Defendant appeals to this Court.

## Discussion

Although not stated exactly as such, Defendant raises two issues on appeal: 1) whether the Trial Court erred in denying Defendant's motion to dismiss the Petition; and, 2) whether the Trial Court erred in granting the Petition to domesticate the Virginia judgment.

We first consider whether the Trial Court erred in denying Defendant's motion to dismiss the Petition. Since Defendant presented "matters outside the pleadings" to the Trial Court in support of its motion to dismiss, the Trial Court correctly treated the motion as one for summary judgment. Tenn. R. Civ. P. 12.03. In *Blair v. West Town Mall*, our Supreme Court reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall,* 130 S.W.3d 761 (Tenn. 2004). In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.
>
> * * *
>
> When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set

forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair,* 130 S.W.3d at 763, 767 (quoting *Staples*, 15 S.W. 3d at 88-89) (citations omitted)).

Our Supreme Court also has provided instruction regarding assessing the evidence when dealing with a motion for summary judgment stating:

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000).

Defendant moved for judgment based on its assertion that the Virginia court lacked personal jurisdiction over Defendant, which, if true, would render the Judgment void. In *Hart v. Tourte*, this Court discussed foreign judgments stating:

Foreign judgments ordinarily are entitled to full faith and credit in the courts of this state. *Biogen Distributors, Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. App. 1992). We have previously stated that "[t]here are a limited number of circumstances where a foreign judgment may be denied full faith and credit." *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. App. 1983). T.C.A. § 26-6-104(c) provides that foreign judgments are "subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner." *Id.*; *see also Biogen Distributors*, 842 S.W.2d at 256. Thus, "the grounds and procedures for vacating or reopening foreign

judgments are those contained in Tenn. R. Civ. P. 60.02." *Id.* A party seeking to attack the validity of a foreign judgment bears a "stern and heavy" burden. *Id.*; *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. App. 1989). Issues of fact underlying the foreign judgment may not form the basis of such an attack, *Benham*, 650 S.W.2d at 760; but the judgment will not be afforded full faith and credit where the foreign court lacked jurisdiction. *Id.*; *see also Dement*, 777 S.W.2d at 36.

*Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999). To determine if a foreign court had jurisdiction, we must look to the law of the state where the judgment was obtained. *See Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992).

Plaintiff opposed Defendant's motion for summary judgment alleging, in part, that the Virginia court had obtained jurisdiction over Defendant by virtue of forum selection clauses contained in the credit application and invoices. In order to determine if the Virginia court had jurisdiction under the forum selection clauses, we look to Virginia law. *See id*. With regard to forum selection clauses, the Supreme Court of Virginia has stated:

According to the modern view, which we now embrace, contractual provisions limiting the place or court where potential actions between the parties may be brought are prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power.

*Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990).

The Pettyjohn Affidavit alleged that Plaintiff received a credit application in October of 2003 completed by Defendant, that Plaintiff then opened a credit account for Defendant, that the two parties commenced doing business with one another, and that they continued to do business over the next two years. Copies of the referenced credit application and several invoices were attached to the Pettyjohn Affidavit and each contains a forum selection clause selecting the Circuit Court for the County of Campbell, Virginia as a proper jurisdiction for suit to be filed.

Plaintiff also opposed Defendant's motion for summary judgment by alleging that the Virginia court had obtained jurisdiction over Defendant by virtue of sufficient minimum contacts by Defendant to satisfy the Virginia long-arm statute. As pertinent to this case, Va. Code Ann. § 8.01-328.1 provides:

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;….

Va. Code Ann. § 8.01-328.1 (2005). The Virginia Supreme Court has instructed:

According to the long-arm statute, a Virginia court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's … [t]ransacting any business in this Commonwealth." Code § 8.01-328.1(A)(1). A "person," as used in the foregoing statute, includes a corporation "whether or not a citizen or domiciliary of this State and whether or not organized under the laws of this State." Code § 8.01-328.

The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States. *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 534, 238 S.E.2d 800, 802 (1977). The Due Process Clause, however, protects a person's liberty interest in not being subject to the binding judgments of a forum unless he has "certain minimum contacts" within the territory of the forum so that maintenance of the action does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 2181, 85 L. Ed. 2d 528 (1985).

And, an examination of the history of litigation involving the limits placed by the Due Process Clause on the power of state courts to enter binding judgments against persons not served within their boundaries shows a "clearly discernible" trend "toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents." *McGee v. International Life Ins. Co.*, 355 U.S. 220, 222, 78 S. Ct. 199, 200, 2 L. Ed. 2d 223 (1957).

"In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." *Id*. at 222-23, 78 S. Ct. at 200-01.

Because our statute speaks of transacting *any* business, it is a single-act statute requiring only one transaction in Virginia to confer jurisdiction on our courts. *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736, 740, 180 S. Ct. 2d 664, 667 (1971).

*Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 377 S.E.2d 388, 391 (Va. 1989).

The Pettyjohn Affidavit alleged, in part, that Defendant submitted a credit application to Plaintiff, that Plaintiff opened a credit account for Defendant, that over a two year period Plaintiff and Defendant transacted business on at least twenty-eight separate occasions in an amount totaling over $724,000.00, and that the primary sales person responsible for working with Defendant was based in Plaintiff's Lynchburg, Virginia office.

Viewing the evidence in the light most favorable to Plaintiff, the nonmoving party, and drawing all reasonable inferences in Plaintiff's favor, as we must, we find that Plaintiff has, at a minimum, raised a genuine material issue of fact regarding whether the Virginia court had personal jurisdiction over Defendant by virtue of the forum selection clauses and also by virtue of minimum contacts sufficient to satisfy the Virginia long-arm statute. *See Staples,* 15 S.W.3d at 89. As such, Defendant was not entitled to summary judgment as a matter of law, and the Trial Court correctly denied Defendant's motion.

We next consider whether the Trial Court erred in granting the Petition to domesticate the Virginia judgment. Plaintiff never moved for summary judgment. Instead, Plaintiff simply opposed Defendant's motion.

A situation factually and procedurally similar to the issue at hand arose in *Witt v. Tennessee Farmers Mut. Ins. Co.* where a trial court denied a motion for summary judgment in a case involving domestication of a foreign judgment and then granted the petition to domesticate the foreign judgment without allowing further response or a hearing on the merits. *Witt v. Tennessee Farmers Mut. Ins. Co.*, No. 03A01-9709-CH-00400, 1998 Tenn. App. LEXIS 156 (Tenn. Ct. App. Feb. 27, 1998), *no appl. perm. appeal filed*. In *Witt*, this Court explained that this procedure:

> [was] irregular and inconsistent with the provisions of the Rules of Civil Procedure.…By summarily granting the [petition to domesticate the foreign judgment] and thereby denying the defendant the right to plead further and put on proof with respect to its defenses, the trial court committed error.

> It is clear that the Rules of Civil Procedure apply to a proceeding under T.C.A. § 26-6-101, *et seq. See* Rule 1, Tenn. R. Civ. P., ("Subject to such exceptions as are stated in them, these rules shall govern the procedure in the circuit and chancery courts of Tennessee…, in all civil actions, whether at law or in equity, …). *See also* Rule 2, Tenn. R. Civ. P., ("All actions in law or equity shall be known as 'civil actions.'") While we find no conflict between the procedures outlined in T.C.A. § 26-6-101, *et seq.*, and the provisions of the Rules of Civil Procedure pertaining to the right of a defendant to file an answer and its further right to a trial on the merits of all issues properly raised in that answer, any such conflict must be resolved in favor of the Rules. *See Lock v. Nat. Union Fire Ins. Co. of Pa.*, 809 S.W.2d 483, 489 (Tenn. 1991). It is clear that a defendant has the right to contest the validity of a foreign judgment by a trial on the merits if issues are properly raised in its answer. *See Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688

-7-

S.W.2d 439, 441-42 (Tenn. App. 1984) ("the courts of this State will presume, *absent proper proof to the contrary*, that the decrees of the courts of record of any sister states are valid.") (Emphasis added).

*Witt*, 1998 Tenn. App. LEXIS 156, at **5-7.

Defendant is entitled either to a resolution by a motion for summary judgment, if Plaintiff files such a motion and the granting of that motion is proper under the record then before the Trial Court, or to a trial on the merits of all issues properly raised. We, therefore, vacate that portion of the Trial Court's order granting the Petition to domesticate the Virginia judgment and remand for further proceedings.

### **Conclusion**

That portion of the Trial Court's judgment denying Defendant's motion to dismiss the Petition, a motion properly treated by the Trial Court as a motion for summary judgment, is affirmed. That portion of the Trial Court's judgment granting Plaintiff's Petition to domesticate the Virginia judgment is vacated. This cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed one-half against the Appellant, Reliable Printing & Graphic Design, Inc., and one-half against the Appellee, Progress Printing Company, Inc.

_____
D. MICHAEL SWINEY, JUDGE