IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

July 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

DONALD HART,              ) C/A NO. 03A01-9901-CH-00004
                          )
        Plaintiff-Appellee,    )
                          )
                          )
v.                        ) APPEAL AS OF RIGHT FROM THE
                          ) KNOX COUNTY CHANCERY COURT
                          )
                          )
                          )
RONALD TOURTE,            )
                          ) HONORABLE SHARON J. BELL,
        Defendant-Appellant.    ) CHANCELLOR


For Appellant                    For Appellee

KENNETH R. KRUSHENSKI            RON CUNNINGHAM
Rogers, Hurst & Krushenski       Finkelstein, Kern, Steinberg &
LaFollette, Tennessee              Cunningham
                                 Knoxville, Tennessee


O P I N I O N


AFFIRMED IN PART
VACATED IN PART
REMANDED                                    Susano, J.

This case involves a petition filed by Donald Hart ("Hart") seeking to register[1] a judgment obtained by Hart against Ronald Tourte ("Tourte") in the State of California. The trial court granted summary judgment to Hart while denying several motions filed by Tourte. Tourte appeals, raising three issues which present the following questions for our consideration:

> 1. Did the trial court err in denying Tourte's motion to dismiss, which motion was based on the ground that Hart's petition was filed beyond the ten-year period of limitations on judgments set forth in T.C.A. § 28-3-110?
>
> 2. Did the trial court err in denying Tourte's second motion to dismiss, which motion was based on the ground that the prior order of the Knox County Circuit Court dismissing Hart's earlier-filed petition to register acts as a bar to his re-filing to register and enforce the California judgment?
>
> 3. Did the trial court err in granting Hart's motion for summary judgment and in denying Tourte's motion for relief from the California judgment under Rule 60.02, Tenn.R.Civ.P.?

I

On December 31, 1986, Hart obtained a default judgment in the amount of $12,189.74 plus interest against Tourte in the Monterey County, California, Municipal Court. In July, 1994, after locating Tourte in Knox County, Hart filed a petition in Circuit Court seeking to domesticate the California judgment. Upon Tourte's motion, the Circuit Court dismissed the action

---

[1]The petition was filed pursuant to the Uniform Enforcement of Foreign Judgments Act, T.C.A. § 26-6-101, *et seq.*

pursuant to Rule 12.02(1), Tenn.R.Civ.P.,[2] citing Hart's failure to attach a properly authenticated copy of the California judgment[3] to his petition, as required by T.C.A. § 26-6-104.[4]

On December 16, 1996, Hart sought further relief in the California court by filing an "Application for and Renewal of Judgment," seeking to renew the California judgment of December 31, 1986.[5] Apparently, without further court proceedings, the judgment was renewed effective December 16, 1996.[6] The record before us contains a document entitled "Proof of Service" filed in the California court on January 27, 1997. That document, signed by a G. M. Rose, recites, under oath, that on January 23, 1997, he mailed a copy of Hart's "Application for and Renewal of Judgment" and associated court documents to Tourte and his counsel at their respective addresses, which addresses are set forth in the Proof of Service. One of the associated documents

---

[2]That Rule provides that a party may file a motion to dismiss for "lack of jurisdiction over the subject matter." Rule 12.02(1), Tenn.R.Civ.P.

[3]A certified copy of the California judgment was apparently attached to the petition; but it was not "authenticated in accordance with the acts of congress or the statutes of [Tennessee]." *See* T.C.A. § 26-6-104(a).

[4]T.C.A. § 26-6-104 provides as follows:

> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.
>
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.
>
> (c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

[5]Tennessee has long recognized the concept of reviving a judgment. *See* T.C.A. §§ 25-4-101, *et seq.* and 28-3-110(2). *See also* **First Tennessee Bank Nat'l Ass'n v. White**, C/A No. 03A01-9711-CV-00514, 1998 Tenn.App. LEXIS 579 (Tenn.App., E.S., filed August 20, 1998).

[6]*See* CAL. CIV. PROC. CODE § 683.120 (West 1999).

3

is a printed form entitled "Notice of Renewal of Judgment,"
signed by the Clerk of the California Municipal Court.  Among
other things, the Notice makes four recitations:

> 1.  **This renewal extends** the period of
> enforceability of the judgment until 10 years
> from the date the application for renewal was
> filed.
>
> 2.  **If you object** to this renewal, you may
> make a motion to vacate or modify the renewal
> with this court.
>
> 3.  You must make this motion within **30 days**
> after service of this notice on you.
>
> 4.  A copy of the *Application for and Renewal
> of Judgment* is attached*....*

(Emphasis and italics in original).  The parties agree that
Tourte took no action in the renewal proceeding in California.

On April 24, 1997, Hart filed a petition in the Knox
County Chancery Court seeking to register the renewed California
judgment.  After filing an answer to Hart's petition, Tourte
filed a number of motions: a motion to dismiss on the ground that
Hart's cause of action was filed beyond the ten-year statute of
limitations applicable to judgments, as set forth in T.C.A. § 28-
3-110; a motion to dismiss on the ground that the Circuit Court's
earlier order of dismissal had been on the merits and thus
operated as a "bar to any further litigation on this Judgment in
the State of Tennessee"; and a motion for relief from the
California judgment under Rule 60.02, Tenn.R.Civ.P.

With regard to his Rule 60.02 motion, Tourte contended,
among other things, that the California judgment was void because

4

he had not been properly served with process in the original California action or the renewal action in that state. Tourte attached to this motion an affidavit in which he states, in pertinent part, as follows:

> I never was served with any legal papers concerning any lawsuit filed by Donald Hart either against myself, or my corporation.... I was never served by any process server with legal papers and I never received a copy of the California Judgment that was attached to [Hart's] Civil Action that was filed in Knox County Circuit Court in 1994. A collection agency in Knox County contacted me by correspondence dated May 6, 1994, about this debt. That was the first time I had heard anything about this matter since 1986. I lived in California until June of 1987 and I was never contacted by Donald Hart, or any legal representative of his about any lawsuit....
>
> With regard to the current action pending in Chancery Court in Knox County... I would further add that to the best of my knowledge I do not recall being served with any Notice, or California Process regarding the renewal of the 1986 California Judgment. The first time I received any Notice of this California Renewal was when I received papers from Hart's lawyer in California sometime around the 27th day of January, 1997. Prior to this time I do not recall ever being served with any papers from California, nor do I recall ever receiving any certified mail at my address with any legal papers from California.

Hart filed a motion for summary judgment. Tourte then filed a response that contained essentially the same arguments that had been set forth in his three motions. After hearing argument on all of the above motions, but without receiving evidence, the Chancery Court denied Tourte's two motions to dismiss, as well as his Rule 60.02 motion; it then granted judgment to Hart on his motion for summary judgment.

5

II

We turn first to Tourte's issue regarding the statute of limitations. He contends that because Hart's action was filed in the Chancery Court on April 24, 1997, more than ten years after entry of the original California judgment on December 31, 1986, it is barred by operation of T.C.A. § 28-3-110. That section provides, in pertinent part, as follows:

> The following actions shall be commenced within ten (10) years after the cause of action accrued:
>
> \*     \*     \*
>
> (2) Actions on judgments and decress [sic] of courts of record of this or any other state or government;....

We find Tourte's contention to be without merit. It is clear from the record that Hart is relying on the renewal of the California judgment on December 16, 1996. *Under California law*,[7] that renewed judgment is treated as a new judgment as of the date of filing of the application for renewal -- December 16, 1996. This being the case, the date of "accru[al]" for the purpose of the statute of limitations *under Tennessee law, see* T.C.A. § 28-3-110(2), is December 16, 1996, which, as we have previously pointed out, is the effective date of the renewed judgment under

---

[7]The applicable provision of California's Code of Civil Procedure provides as follows:

> (b) Except as otherwise provided in this article, the filing of the application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed.

CAL. CIV. PROC. CODE § 683.120(b) (WEST 1999).

7

California law.  Obviously, Hart's filing in Tennessee on April 24, 1997, was well within the ten-year period of limitations when that period is measured from the accrual date of December 16, 1996.

The Chancery Court was correct in denying Tourte's motion to dismiss based on the statute of limitations ground.

### III

We next turn to Tourte's issue regarding the doctrine of *res judicata*.  He contends that the Circuit Court's order of dismissal of March 27, 1994, is *res judicata* as to the claim asserted in the instant litigation.  Relying on T.C.A. § 26-6-104, Tourte argues that the "[f]ailure to file a properly authenticated judgment under the requirements of the [Uniform Enforcement of Foreign Judgments Act, T.C.A. § 26-6-101, *et seq.*], which results in a dismissal of the Plaintiff's Petition to register his Judgment should be considered fatal to the Plaintiff's cause of action."  Tourte also argues that "it should be against the public policy of the State of Tennessee to allow a Foreign Judgment creditor more than one attempt to use the Courts of this State to enforce his Foreign Judgment."

We cannot agree with Tourte's position regarding this issue.  Generally speaking, the doctrine of *res judicata* "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit."  ***Richardson v. Tennessee***

8

**Bd. of Dentistry**, 913 S.W.2d 446, 459 (Tenn. 1995)(quoting **Goeke v. Woods**, 777 S.W.2d 347, 349 (Tenn. 1989)).  It is well-settled that the doctrine of *res judicata* is implicated only where the prior judgment has concluded the rights of the parties *on the merits*.  **Richardson**, 913 S.W.2d at 459; **A.L. Kornman Co. v. Metropolitan Gov't of Nashville & Davidson County**, 391 S.W.2d 633, 636 (Tenn. 1965).  In the instant case, it is clear that the Circuit Court dismissed Hart's first complaint on a non-merits ground, *i.e.*, Hart's failure to attach a properly authenticated copy of the California judgment to his petition for registration.  We therefore hold that the doctrine of *res judicata* does not preclude Hart from filing a petition to domesticate the renewed California judgment in the Chancery Court, and that the Chancery Court properly denied Tourte's second motion to dismiss.  Despite Tourte's argument to the contrary, which argument is unsupported by any authority, we fail to see how this holding can be viewed as a violation of the public policy of this state.

IV

We next consider the propriety of the Chancery Court's grant of summary judgment to Hart.  In this analysis, we review the trial court's grant of Hart's motion against the standard of Rule 56, Tenn.R.Civ.P.  That rule provides, in pertinent part, as follows:

> ...[the] judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on
> file, together with the affidavits, if any,
> show that there is no genuine issue as to any

9

> material fact and that the moving party is
> entitled to a judgment as a matter of law....

Rule 56.04, Tenn.R.Civ.P.

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991); *Gonzalez v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn.App. 1993). Since this determination only involves a question of law, there is no presumption of correctness as to the trial court's judgment. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Hembree v. State*, 925 S.W.2d 513, 515 (Tenn. 1996). In making our determination, we must view the evidence in the light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is appropriate only if there is no genuine issue of material fact and if the undisputed material facts entitle the moving party to a judgment as a matter of law. Rule 56.04, Tenn.R.Civ.P.; *Byrd*, 847 S.W.2d at 211. In our analysis, "[t]he evidence offered by the nonmoving party must be taken as true." *Id*. at 215.

In evaluating Hart's motion for summary judgment, we must take all of the statements contained in Tourte's affidavit, quoted earlier in this opinion, as true. We recognize that the record contains evidence to the contrary; however, in the context of summary judgment, such evidence must be disregarded. *Id*. at

10

210-11. Taking the statements contained in Tourte's affidavit as true, we find, for the purpose of summary judgment, that he was not served with process in the original California proceeding.[8] It is clear that Tourte's testimony raises a genuine issue of material fact regarding whether there was proper service of process as to the underlying judgment which was renewed in the most recent California proceeding -- the proceeding upon which Hart now relies. Accordingly, we hold that the Chancery Court erred in granting full summary judgment to Hart. Rule 56.04, Tenn.R.Civ.P.; *Byrd*, 847 S.W.2d at 211. If Tourte was not properly served in the original California proceedings -- and he says under oath that he was not -- the judgment in that case is void. We are not prepared to hold that a void judgment can form the basis for a valid judgment when the latter judgment, although a new judgment under California law, is nothing more than a renewal of the earlier judgment. This is true even if the renewal procedure was undertaken, as we find, in full compliance with applicable California law.[9] A judgment that is void because it was obtained without *in personam* jurisdiction over the defendant is void for all purposes -- including renewal.

---

[8] We stress that our finding of no service is limited to our analysis of the summary judgment issue. On remand, the trial court will have to ascertain, in the first instance, where the preponderance of the evidence lies on the question of whether or not Tourte was properly served with process in the original California action.

[9] A part of Tourte's defense to the renewed judgment is embodied in his assertion in his affidavit that "[t]he first time I received any Notice of this California Renewal was when I received papers from Hart's lawyer in California sometime around the 27th day of January, 1997." This affidavit proves too much. In our opinion, the document that Tourte must be referring to is the *Proof of Service* filed in the California court on *January 27, 1997*, and signed by an individual whose address is the same as the address of Hart's counsel -- 300 Drakes Landing Rd., Ste. 250, Greenbrae, California 94904. Since this document was served in full compliance with California law regarding renewal of judgments, and since we find that Tourte acknowledges, under oath, that he received it, we find no dispute in the record as to whether Tourte was properly served with the requisite notice in the renewal of judgment proceeding. If Tourte is to be successful in his defense to the renewed judgment, he must show that the original judgment is void or subject to some other defect that can be properly raised under his Rule 60.02 motion.

11

V

Tourte also contends that this court should reverse the Chancery Court's denial of his Rule 60.02, Tenn.R.Civ.P., motion, and that we should set aside or refuse to enforce the California judgment. In this context, Tourte relies in part upon the statements contained in his affidavit, in which he denies having been engaged in any business enterprise with Hart so as to render him liable in any way to Hart, and, as previously stated, denies having been served with process in the original California action.

A motion for relief from a judgment under Rule 60.02 addresses the sound discretion the trial judge; thus, the scope of review on appeal is whether the trial judge abused his or her discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Toney v. Mueller Co.*, 810 S.W.2d 145, 147 (Tenn. 1991).

Foreign judgments ordinarily are entitled to full faith and credit in the courts of this state. *Biogen Distributors, Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn.App. 1992). We have previously stated that "[t]here are a limited number of circumstances where a foreign judgment may be denied full faith and credit." *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn.App. 1983). T.C.A. § 26-6-104(c) provides that foreign judgments are "subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like

13

manner." *Id; see also **Biogen Distributors**,* 842 S.W.2d at 256.
Thus, "the grounds and procedures for vacating or reopening
foreign judgments are those contained in Tenn.R.Civ.P. 60.02."
*Id.* A party seeking to attack the validity of a foreign judgment
bears a "stern and heavy" burden. *Id.; **Dement v. Kitts**,* 777
S.W.2d 33, 36 (Tenn.App. 1989). Issues of fact underlying the
foreign judgment may not form the basis of such an attack,
**Benham**, 650 S.W.2d at 760; but the judgment will not be afforded
full faith and credit where the foreign court lacked
jurisdiction. *Id.; see also **Dement**,* 777 S.W.2d at 36.

Tourte is entitled to challenge the renewed California
judgment on the basis that the California court lacked *in
personam* jurisdiction over him when it rendered its original
judgment -- the judgment whose renewal led to the filing of the
instant action. However, he is not entitled to attack the
renewed judgment on the ground that he was not properly served in
the renewal proceeding because, as we have previously indicated,
the trial court was correct in granting summary judgment as to
this part of Tourte's Rule 60.02 motion since the undisputed
facts show that he was served in the renewal proceeding in full
compliance with California law. To the extent that Tourte
asserts other *proper* grounds under Rule 60.02, he is entitled to
a hearing on those other grounds; *but he cannot attempt to re-
litigate the facts underlying the cause of action that led to the
original California judgment.* That is not the office of a Rule
60.02 motion. *See **Benham**,* 650 S.W.2d at 760. To the extent that
his Rule 60.02 motion attempts to do so, it was properly subject
to the trial court's grant of summary judgment to Hart.

14

We reject Hart's argument that Tourte waived his right to challenge the validity of the California judgment when he failed to attack it in the California renewal proceeding. We are not prepared to hold that Tourte, a resident of a sovereign state, who lives some 2,400 miles from the site of the court in the forum state, was required to participate in a renewal proceeding in the forum state in order to establish that he was not served with process in the original proceeding; or forever waive his right to contest the validity of the underlying judgment. In our opinion, such a holding would offend the "traditional notions of fair play and substantial justice" embodied in the concept of procedural due process found in the Fourteenth Amendment to the Federal Constitution. *See* ***Burnham v. Superior Court of California***, 495 U.S. 604, 622, 110 S.Ct. 2105, 2116-17, 109 L.Ed.2d 631 (1990) (citing ***International Shoe Co. v. Washington***, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

In the instant case, Hart is attempting to use a court of this state to enforce his judgment. This is certainly appropriate under the Uniform Enforcement of Foreign Judgments Act, T.C.A. § 26-6-101, *et seq.*; but, by the same token, it is likewise appropriate that Tourte be afforded an opportunity to resort to the same court to pursue his attack on the validity of the proffered judgment, under the well-established law pertaining to relief under Rule 60.02, Tenn.R.Civ.P. This should be done at a hearing at which the trial court receives testimony and other evidence bearing on such of the grounds raised in Tourte's motion as can be properly asserted under Rule 60.02.

15

So much of the trial court's judgment as denies the appellant's two motions to dismiss is affirmed.  The judgment of the trial court granting Hart summary judgment is affirmed (1) as to Tourte's assertion that he was not properly served with process in the renewal of judgment proceeding in California, and (2) as to all parts of Tourte's Rule 60.02 motion that attempt to re-litigate the facts underlying the cause of action that led to the original California judgment.  The remainder of the trial court's grant of summary judgment to Hart is vacated.  This case is remanded to the trial court for a hearing on the remaining grounds of Tourte's Rule 60.02 motion, consistent with this opinion.  Costs on appeal are taxed against the appellee.

_____
Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.