# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 2000 Session

## TENNESSEE FARMERS MUTUAL INSURANCE COMPANY v. JUDY COBB, DANNY COBB, and DAN COBB

**Appeal from the Chancery Court for Dyer County**
**No. 97-C-401   J. Steven Stafford, Chancellor**

---

### No. W1999-01729-COA-R3-CV - Filed August 31, 2000

---

This appeal involves a motion to set aside a default judgment. The trial court entered a default judgment against the defendants based on their failure to respond to the lawsuit. Seven months later, the defendants filed a motion to set aside the default judgment. The trial court denied the motion, and the defendants appealed. We affirm, finding no abuse of discretion in the denial of the motion to set aside the default.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Charles M. Agee, Jr., Dyersburg, Tennessee, for the Appellants, Judy Cobb, Danny Cobb and Dan Cobb

Jeffrey L. Lay and Gary H. Nichols, Dyersburg, Tennessee for the Appellee, Tennessee Farmers Mutual Insurance Company

# MEMORANDUM OPINION[1]

Defendant Dan Cobb is the son of Defendants Danny and Judy Cobb. Dan Cobb filed a personal injury lawsuit against his parents after he was injured at his parents' home. Dan Cobb was represented in this lawsuit by Charles M. Agee, Jr. ("Agee"). Danny and Judy Cobb then filed a claim against their insurance company, Plaintiff/Appellee Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"). Tennessee Farmers denied the claim. On July 23, 1997, Tennessee Farmers filed a complaint for declaratory judgment against Dan Cobb and Danny and Judy Cobb, seeking a declaratory judgment that it owed no benefits to Danny and Judy Cobb as a result of the lawsuit filed against them by their son. Tennessee Farmers was represented in this lawsuit by Jeffrey Lay ("Lay").

On September 10, 1997, Tennessee Farmers filed a motion for default judgment against all of the Defendants, based on the Defendants' failure to respond to the lawsuit. On September 19, 1997, the trial court entered a default judgment and final judgment order against the Defendants. Copies of the default judgment and final judgment order were served on the Defendants.

After learning of the default judgment, Agee contacted Lay. Agee told Lay that he did not represent Dan Cobb in the declaratory judgment action, but was assisting him in the matter. Lay agreed to a November 7, 1997 hearing on a motion to set aside the default judgment. The motion had not yet been filed.

On October 31, 1997, Dan Cobb sent a letter to the trial judge, asking that the default judgment be set aside. A copy was also sent to Lay. Dan Cobb did not file a motion to set aside the default judgment. At the November 7, 1997, hearing Dan Cobb appeared *pro se* and asked the trial court for a continuance until he could retain counsel. The trial court granted the continuance and instructed him to have his new counsel file the appropriate motion and reschedule the matter for a hearing.

On April 1, 1998, Dan Cobb filed a motion to set aside the default judgment. His parents filed a motion to set aside the default judgment on April 23, 1998. On July 2, 1998, the trial court issued an order denying the Defendants' motions, finding that the Defendants had been properly served with notice of the suit, and concluding that the Defendants' seven-month delay in filing a motion to set aside the judgment was inexcusable neglect.

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). -- (b) **Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

On appeal, the Defendants argue first that the trial court erred in finding that the Defendants waited seven months to file motions to set aside the default judgment. They point to Dan Cobb's October 31, 1997 letter to the trial court asking that the default judgment be set aside and argue that the letter should be considered a motion, noting that Dan Cobb was representing himself in this action. Regardless, Dan Cobb understood at the court appearance on November 7, 1997 that he was required to file a motion, and failed to do so until April, 1998. We find no error in the trial court's finding that the Defendants waited seven months to file motions to set aside the default judgment.

The Defendants also contend that the default judgment should have been set aside under Rule 60.02 of the Tennessee Rules of Civil Procedure. Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. The Defendants argue that they failed to respond to the complaint for declaratory judgment because Dan Cobb thought that the pleadings related to the tort action and believed that his parents would handle it, and the Defendants thought that the attorney for Tennessee Farmers hired to represent them in the tort action would represent them in the declaratory judgment action. The Defendants contend that this amounts to "excusable neglect, mistake or inadvertence" under Rule 60.02 and that the trial court erred in refusing to set aside the default judgment. The Defendants also assert that they had a meritorious defense to the declaratory judgment action, and that the default judgment should have been set aside for this reason.

On appeal of a denial of a motion for relief under Rule 60.02 of the Tennessee Rules of Civil Procedure, the appellate court may reverse the denial of the motion for relief only if the denial amounts to an abuse of discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999). In this case, after a review of the record as a whole, we cannot conclude that the trial court's denial of the Defendants' motions to set aside the default judgment amounted to an abuse of discretion. Therefore, the trial court's denial of the motion to set aside the default is affirmed.

The decision of the trial court is affirmed. Costs are assessed against the Defendant/Appellants, Judy Cobb, Danny Cobb and Dan Cobb, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE