IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Briefs April 23, 2009 Session

## HOWARD JOHNSON, INC. v. MABRA HOLYFIELD, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001752-05    James F. Russell, Judge**

_____

**No. W2008-02405-COA-R3-CV - Filed May 14, 2009**

_____

This appeal arises out of the enrollment of a foreign judgment issued by the New Jersey District Court against defendants residing in Tennessee. Appellants contend that the New Jersey District Court lacked personal jurisdiction over them and that the trial court, therefore, erred by enrolling the judgment against them. Finding that Appellants consented to jurisdiction in the New Jersey District Court, we affirm.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Scottie O. Wilkes, Memphis, Tennessee, for the appellants, Mabra Holyfield and Frank Banks.

Ben J. Scott, Memphis, Tennessee, for the appellee, Howard Johnson, Inc.

### OPINION

#### Background/Procedural History

The facts in this case are undisputed. Appellee Howard Johnson, International ("Howard Johnson") filed a breach of contract suit against Mabra Holyfield and Frank J. Banks (together "Appellants") in the United States District Court for the District of New Jersey ("District Court"). Appellants hired counsel who appeared on their behalf and filed an answer with the District Court in New Jersey. In their answer, Defendants admitted, among other things, that the District Court had personal jurisdiction over them.[1] Their answer also asserted a cross-claim. Howard Johnson filed

---

[1] Appellants claim in their brief that they asserted the defense of lack of personal jurisdiction in their Answer in the New Jersey District Court. In their pleadings in the current action, however, they admit that they did not contest the United States District Court's exercise of in personam jurisdiction in the New Jersey action, but they assert that
(continued...)

a motion for summary judgment. The District Court granted the motion for summary judgment on July 12, 2004, entering judgment against Appellants and awarding Howard Johnson $395,139.72 in damages and $27,244.44 for attorney fees and costs. Appellants have not appealed the New Jersey judgment.

On March 31, 2005, Howard Johnson filed a Complaint against Appellants in the Shelby County Circuit Court seeking to enroll the New Jersey judgment in Tennessee pursuant to the Uniform Enforcement of Judgments Act. Appellants filed its Answer on May 19, 2005. Howard Johnson subsequently amended its Complaint on November 1, 2005. When Appellants failed to file a responsive pleading, Howard Johnson moved for a default judgment on February 28, 2006, and the trial court entered an Order enrolling the New Jersey judgment. Subsequently, Appellants moved to set aside the Default Judgment for excusable neglect. The trial court permitted Appellants to answer Howard Johnson's Request for Admissions. In their Answer, Appellants admitted the following: 1) that the judgment was entered against then in the New Jersey Action on July 12, 2004; 2) that Appellants' counsel appeared on Appellants' behalf in the New Jersey Action; 3) that Appellants filed an answer in the New Jersey Action; and 4) that Appellants did not contest the United States District Court's exercise of in personam jurisdiction in the New Jersey Action. On February 20, 2008, Howard Johnson moved for summary judgment, and on September 25, 2008, the trial court granted summary judgment entering an order to enroll the New Jersey judgment in Tennessee. Appellants filed a timely notice of appeal on October 22, 2008.

## *Issues*

Appellants raise the following two issues on appeal:

I.      Whether the trial court should have conducted an evidentiary hearing on Appellant[s'] claim of lack of personal jurisdiction.

II.     Whether the New Jersey Court had personal jurisdiction over Appellant[s].

Appellee Howard Johnson asserts only the following issue on appeal:

Pursuant to Tenn. Code Ann. § 27-1-122, whether Howard Johnson International, Inc. is entitled to recover costs, expenses and attorneys' fees incurred as a result of this frivolous appeal?

## *Standard of Review*

---

[1](...continued)
counsel should have attacked and never advised them of this option.

The parties' first dispute is the applicable standard of review. We perceive Appellants' first argument to be that the trial court should have held an evidentiary hearing because summary judgment was not a proper basis for enrolling a foreign judgment. On the other hand, Howard Johnson asserts that we should review the trial court's decision for an abuse of discretion because Appellants challenge enrollment of the foreign judgment pursuant to Tennessee Rule of Civil Procedure 60.02.[2]

We disagree, however, with both parties' characterization of the standard of review. The trial court enrolled the foreign judgment because it granted summary judgment. This Court has previously explained that a person seeking to domesticate a foreign judgment may do so using summary judgment so long as there are no disputes of material fact and the parties are entitled to judgment as a matter of law. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 255 (Tenn. Ct. App. 1992); *see also W & T, Inc. v. Ham*, No. M2006-01617-COA-R3-CV, 2009 WL 225256, at *2 (Tenn. Ct. App. Jan. 29, 2009) (*no perm. app. filed*). We acknowledge that foreign judgments may be attacked using the grounds and procedures found in Tenn. R Civ. P. 60.02. *Id.* at 256. This does not, however, require us to review the trial court's decision for an abuse of discretion.[3] *See Hart v. Tourte*, 10 S.W.3d 263, 267 (Tenn. Ct. App. 1999).

We review the trial court's decision in this case, as we do any other motion for summary judgment, *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). It is ultimately the moving party's burden to persuade the court that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). The moving party may meet this burden by producing evidence or referring to the nonmoving party's previously submitted evidence that either (1) affirmatively negates an essential element of the nonmoving party's claim, or (2) shows that the nonmoving party cannot prove an essential element of the claim at trial. *Id.* (citing *Hannan v. Alltell*

---

[2]Rule 60.02 provides that a party may be relieved from a final judgment, order, or proceeding for various reasons including mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, and for a void judgment. Tenn. R. Civ. P. 60.02. We review a trial court's decision to grant or deny a Rule 60.02 motion for an abuse of discretion. *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999).

[3]We have recently explained the difference between Rule 60's applicability to a Tennessee judgment and a foreign judgment:

> In Tennessee, Rule 60 of the Tennessee Rules of Civil Procedure provides the grounds available for setting aside a judgment. It has consistently been held that the grounds to set aside a judgment under Rule 60 are the same defenses to enforcement of a foreign judgment under Tenn. Code Ann. § 26-6-104(c). It should be noted, however, that a Tennessee court does not have jurisdiction to set aside a foreign judgment. There is a distinction between setting aside a domestic judgment under Rule 60 and refusing to enforce a foreign judgment under the Act. Rule 60 provides the *grounds* under the Act whereby a *foreign* judgment will not be *enforced* in Tennessee but *not* the grounds to *set aside* a foreign judgment.

*W & T, Inc. v. Ham*, No. M2006-01617-COA-R3-CV, 2009 WL 225256, at *2 (Tenn. Ct. App. Jan. 29, 2009) (*no perm. app. filed*) (internal citations omitted).

*Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)).  If the moving party sustains its burden, the nonmoving party must produce evidence of specific facts that establish that genuine issues of a material fact exist.  *Id.* (citing *Byrd*, 847 S.W.2d at 215).  "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Id.* (quoting *Byrd* 847 S.W.2d at 215).  In considering a motion for summary judgment, we review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party.  *Id.*

### Evidentiary Hearing

We first address Appellants' argument that the trial court should have afforded them an evidentiary hearing on the issue of personal jurisdiction.  Appellants rely on this Court's decision in *Hart v. Tourte* for the proposition that a defendant who is attacking the enrollment of a foreign judgment under Tenn. R. Civ. P. 60.02 should be allowed an opportunity to contest the judgment's validity in an evidentiary hearing.  In *Hart,* the plaintiff filed a petition to register a California judgment in Tennessee.  *Hart v. Tourte*, 10 S.W.3d 263, 266 (Tenn. Ct. App. 1999). The defendant filed a motion for relief from the California judgment pursuant to Tennessee Rule of Civil Procedure 60.02.  *Id.*  We remanded the defendant's Rule 60.02 motion for an evidentiary hearing.  *Id.* at 270. In that case, however, the trial court both denied the defendant's Rule 60.02 motion without hearing evidence and actually granted summary judgment to the plaintiff.  *Id.* at 266.  In *Hart*, we first found that the trial court improperly granted plaintiff's motion for summary judgment because the defendant raised a genuine issue of material fact whether he was properly served process in the original California proceeding.  *Id.* at 268.   Then addressing the trial court's decision to deny plaintiff's Rule 60.02 motion for relief from judgment, we found that the defendant should be afforded an opportunity to attack enrollment of the judgment at an evidentiary hearing.  *Id.* at 269. We expressly limited the defendant's basis for attacking the California judgment to those defenses that survived the plaintiff's  motion for summary judgment.[4]  *Id.  Hart*, therefore, stands for the proposition that when enrolling a foreign judgment, a defendant is not entitled to an evidentiary hearing on those undisputed material facts which were properly addressed in a motion for summary judgment.  *See id.*  In this case, Appellants may only be entitled to an evidentiary hearing if we find that the trial court did not properly grant Howard Johnson's motion for summary judgment.  We address this argument forthwith.

### Personal Jurisdiction

---

[4]In *Hart*, we stated:

> [Defendant] is entitled to challenge the renewed California judgment on the basis that the California court lacked *in personam* jurisdiction over him when it rendered its original judgment- the judgment whose renewal led to the filing of the instant action.  However, he is not entitled to attack the renewed judgment on the ground that he was not properly served in the renewal proceeding because, as we have previously indicated, the trial court was correct in granting summary judgment as to this part of [Defendant's] Rule 60.02 motion since the undisputed facts show that he was served in the renewal proceeding in full compliance with California law.

*Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999).

In Tennessee courts, foreign judgments are generally entitled to full faith and credit. *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992). Foreign judgments are treated in the same manner as the judgment of a court of record of this state. Tenn. Code. Ann. § 26-6-104(b). Thus, a foreign judgment may be vacated or re-opened for those grounds stated in Tennessee Rule of Civil Procedure 60.02 for relief from judgments or orders. *Biogen Distribs*, 842 S.W.2d at 256. Because Rule 60.02(3) permits a court to set aside a judgment if that judgment is void, Tennessee courts will commonly refuse to give full faith and credit to a foreign judgment where the court entering the foreign judgment had no personal jurisdiction. *Id.* This rule does not, however, "permit a litigant to slumber on her claims and then belatedly attempt to relitigate issues long since laid to rest." *W & T, Inc. v. Ham*, No. M2006-01617-COA-R3-CV, 2009 WL 225256, at * 3 (Tenn. Ct. App. Jan. 29, 2009) (*no perm. app. filed*) (quoting *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990)). And, "this power 'is not to be used to relieve a party from free, calculated and deliberate choices it has made.'" *Id.* (quoting *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 625 (Tenn. 2000)). A foreign judgment is presumed valid so a party challenging the foreign judgment based upon lack of personal jurisdiction bears a heavy burden. *Hart v. Tourte*, 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999). In addition, issues of fact underlying a foreign judgment may not form the basis for attacking the validity of a foreign judgment. *Id.*

Appellants argue that the trial court erred by entering the New Jersey judgment when New Jersey had no personal jurisdiction over them. At trial, Appellants contended that there were four material facts in dispute: 1) The State of New Jersey lacked personal jurisdiction over the Defendants, 2) The judgment was based on misrepresentation of facts, 3) the judgment was obtained inadvertently and by surprise, and 4) "Defendants states in their answers [sic] Plaintiff's request for admission of facts that the judgment result [sic] of fraud and misconduct on behalf of Howard Johnson."[5] Appellants failed, however, to produce an affidavit to support their fraud and misrepresentation claims. Appellants are Tennessee residents that allege that they have no contacts with the State of New Jersey. Appellants claim they have no minimal contacts with New Jersey and it would, therefore, offend traditional notions of fair play and substantial justice to exercise jurisdiction over them. Focusing on the forum selection clause found in the parties' contract, Appellants then argue that the parties' contract did not subject them to personal jurisdiction in New Jersey because New Jersey was an inconvenient place for trial.[6]

---

[5] Appellants only appeal whether the New Jersey District Court had personal jurisdiction. We also note that personal jurisdiction is a question of law, not a question of fact. *Woodruff v. Anastasia Intern, Inc.*, No. E2007-00874-COA-R3-CV, 2007 WL 4439677, at *3 (Tenn. Ct. App. Dec. 19, 2007). Although Appellants allege that it is a disputed fact whether the State of New Jersey had personal jurisdiction over the Defendant, they do not dispute that Appellants hired counsel who appeared on their behalf and filed an answer but failed to assert lack of personal jurisdiction as a defense. The parties litigated the action on the merits and the District Court entered summary judgment against Appellants.

[6] The Tennessee Supreme Court has explained that forum selection clauses are generally enforced unless

(1) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (2) or the other state would be a substantially less convenient place for the trial

(continued...)

Because an inquiry into personal jurisdiction is a two-part question, courts will generally first consider whether the forum state chose to exercise jurisdiction over a particular defendant by looking at that state's long-arm statute. If the state statute requirements are met, a court will then determine whether exercising jurisdiction over that particular defendant satisfies the due process clause. A federal district court may assert personal jurisdiction over the nonresident of a state in which that court sits to the extent authorized by the law of that state. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). As with Tennessee law, New Jersey construes its long-arm statute[7] to extend personal jurisdiction to the outer limits permitted by due process. *Avdel Corp. v. Mecure*, 277 A.2d 208, 209 (N.J. 1971); *J. I. Case Corp. v. Williams*, 832 S.W.2d 530, 531 (Tenn. 1992). It is only necessary, therefore, for us to inquire whether New Jersey's exercise of personal jurisdiction over Appellants violates the due process clause.

Our central inquiry, therefore, is whether New Jersey's exercise of personal jurisdiction comports with the due process clause. The Due Process Clause protects an individual's interest in not being haled into court in a state where the individual has had little or no contact. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982). Appellants argue that the forum selection clause in the parties' contract did not give New Jersey personal jurisdiction over them because New Jersey was such an inconvenient place for trial that it deprived Appellants of their day in court. By focusing their argument on the forum selection clause, Appellants overlook the fact that their actions in the New Jersey District Court gave the court personal jurisdiction over them.

The United States Supreme Court has recognized that the actions of a defendant may amount to a legal submission to the jurisdiction of the court. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.694, 704–05 (1982). The personal jurisdiction requirement represents an individual right that can, like other such rights, be waived. *Id.* at 703. It is upon this basis that parties can contract to submit to the jurisdiction of a given court. *Id.* at 704. Forum selection clauses, however, are not the only means through which a defendant can waive his right to defend a claim in a convenient forum. *Id.* An individual may also submit to the jurisdiction of the court by appearance. *Id.* at 703. Thus, a party consents to personal jurisdiction where it "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Texas E. Transmission Corp.*, 15 F.3d 1230, 1236 (3d Cir. 1994). The Federal Rules of Civil Procedure provide that a defendant must raise a lack of personal jurisdiction defense in its first responsive pleading. Fed. R. Civ P. 12(h); *see Uffner v. La Reunion Francaise, S. A.*, 244 F.3d 38, 40–41 (1st Cir. 2001). Where a defendant fails to raise a lack of personal jurisdiction defense in his

---

[6](...continued)
of the action than this state; (3) or the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable mean; (4) or it would for some other reason be unfair or unreasonable to enforce the agreement.

*Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn. 1983).

[7]New Jersey's equivalent of a long-arm statute is Rule 4:4-4. *Avdel Corp. v. Mecure*, 277 A.2d 208, 209 (N.J. 1971).

first responsive pleading, defendant has waived that defense and is deemed to have consented to personal jurisdiction. *Uffner*, 244 F.3d at 40–41.

Appellants admit that they hired counsel who appeared on their behalf before the New Jersey District Court. Their attorney filed an answer but failed to assert lack of personal jurisdiction as a defense. Appellants acknowledge that the New Jersey District Court resolved the matter on the merits and entered summary judgment against Appellants. Through their actions before the New Jersey District Court, Appellants consented to the court's personal jurisdiction over them. Having so consented, the defendants cannot now object to enrollment of the foreign judgment on the basis that District Court lacked personal jurisdiction. We find that the issue of personal jurisdiction was resolved before Howard Johnson sought to enroll the judgment in Tennessee and because Appellants' argument against enrolling the New Jersey judgment is without merit, we affirm the judgment of the trial court.

### *Attorney Fees Incurred on Appeal*

On appeal, Howard Johnson argues that this Court should award it attorney fees because Appellants' appeal is frivolous. Tennessee Code Annotated § 27-1-122 authorizes this Court to award damages, including attorney fees incurred by an appellee, against an appellant who brings a frivolous appeal. Tenn. Code. Ann. § 27-1-122. A frivolous claim is "devoid of merit" or a claim in which there is little prospect that it can ever succeed. *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Such an award is within this Court's sound discretion. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). Exercising our discretion, we decline to find this to be a frivolous appeal.

### *Conclusion*

For the foregoing reasons we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellants, Mabra Holyfield and Frank J. Banks, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE