IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2012

## RAIN AND HAIL, INC. v. CRAIG A. STEWART

**Appeal from the Circuit Court for Hawkins County**
**No. 09CV0438     John K. Wilson, Judge**

**No. E2011-01787-COA-R3-CV-FILED-MAY 29, 2012**

Rain and Hail, Inc. ("the plaintiff") obtained a judgment in the state of Iowa against Craig A. Stewart ("the defendant"). The plaintiff filed this present action to register and enforce the foreign judgment in Tennessee, where the defendant resides. The defendant denied being served with a copy of the complaint in Iowa. The court set a hearing date at which neither the plaintiff nor its counsel appeared. The plaintiff's counsel advised[1] the court that it would submit the matter on the papers it had filed in support of its position. The court dismissed the action with prejudice. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

William A. Cohn, Cordova, Tennessee, for the appellant, Rain and Hail, Inc.

No appearance on behalf of the appellee, Craig A. Stewart.

---

[1]The record is not clear as to precisely when the plaintiff phoned the court, but it is clear that it was before the trial court entered its final judgment in this case.

# OPINION

## I.

The plaintiff filed this action as a "Petition to Register and Enforce a Foreign Judgment." The plaintiff later filed an amended petition that appears to be identical to the original petition. The amended petition alleges, in pertinent part, as follows:

> 1. That the Plaintiff Rain and Hail, Inc., is a corporation duly incorporated under the laws of the State of Iowa and registered to do business in the State of Iowa;
>
> 2. That the Defendant Craig A. Stewart, is a resident of the State of Tennessee;
>
> 3. That . . . in an action . . . in the Court in and for Polk County [,Iowa,] . . . Case No.: SCSC 353 899, a Judgment was duly entered in favor of the Plaintiff against the Defendant for the sum of $2,942.00 plus 5.518% prejudgment interest of $542.34 plus court costs of $47.14 plus accrued interest of $542.34 plus attorney fees in an amount of $150.00; plus post judgment interest of 5.518%; that a [certified] copy of said judgment is attached hereto as "Exhibit A";
>
> 4. That no part of said Judgment has been paid;
>
> 5. That the Plaintiff may register and is registering . . . the above mentioned Foreign Decree under the uniform enforcement of Foreign Judgment Act, TCA 26-6-101, et seq.

According to the petition, the foreign judgment was rendered by the "Iowa District Court, for Polk County, Small Claims Division." The portion of the record from the Iowa proceeding that is in the record now before us does not state or otherwise reflect that the defendant was served with process in the proceeding there.

The defendant answered the amended petition by admitting the allegations of paragraphs one and two and denying all other allegations. The answer further states that "the Defendant was never served with the notice of court date in Iowa in 2002 and had no knowledge that there had ever been a court date or that a Judgment was granted until the Defendant was served with the Petition . . . [in the present case in Tennessee]."

-2-

The plaintiff next filed a motion in the trial court asking that the judgment be registered because the defendant made no "request for affirmative relief." The defendant responded to the motion by expressly stating "that he [did not] receive[] proper notice of the Original Complaint that was filed in Iowa." The plaintiff filed a memorandum in support of its motion asserting that a defendant faced with a petition to enforce a foreign judgment must file a petition for affirmative relief from the foreign judgment and that "the filing of an answer . . . is ineffective" to prevent the registration of a foreign judgment in Tennessee.

The court, apparently due to an oversight, entered an order on May 3, 2011, holding "that the Foreign Judgment in the . . . cause is registered and is now a judgment of this Court under the Uniform Registration of Foreign Judgments Act." Later, by order entered May 4, 2011, the trial court set its previous order aside stating that "the Defendant . . . has filed two Answers regarding [the petition and motion] . . . and that a hearing is presently set for August 1, 2011 . . . [when] all matters may be heard." On August 16, 2011, the court entered its final order in this case dismissing the petition with prejudice. The order does not explicitly state the reason or reasons for the dismissal. It does state that the "plaintiff's counsel did not appear however [he] made a phone call stating he stood on his Motion." There is no transcript of the hearing and no statement of the evidence with respect to that hearing. The plaintiff takes the position that there was no hearing. The defendant, by counsel, has notified us that he has "chosen not to file a Response Brief in this matter."

II.

The plaintiff's issues, verbatim from his brief, are:

> Whether requests for affirmative relief required by *TCA 26-6-104(c)* may be requested in an Answer to the petition (as said statute requires " . . . the same procedures, . . . and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state . . ." and reopening, vacating, or staying a proceeding cannot be requested in an answer, but must be requested by petition).

> Whether the debtor had grounds to request relief to stay the judgment (as the debtor did not question jurisdiction but only cited that he did not have notice of a motion for default judgment – which is not a question of jurisdiction, is not properly ruled upon by the Tennessee Court, and is only properly considered by the original jurisdiction which issued the original judgment).

-3-

Whether the plaintiff/appellant is required to file and hear a Motion for Final Order to Register and Validate a Foreign Judgment to place the judgment on the minutes of the Circuit Court.

Whether the Circuit Court has authority to dismiss a petition to Register a Foreign Judgment when the petition has been appropriately served (as *TCA 26-6-104 (c)* expressly states that a Circuit Court may *only* reopen, vacate, or stay a foreign judgment appropriately filed and served).

Whether the Circuit Court Judge acted appropriately in failing to respond in any manner to the request of the attorney for the plaintiff to participate in the hearing set by the Judge *by telephone*.

Whether the Circuit Court Judge acted appropriately in conducting a hearing on the *Petition* to Register the Foreign Judgment when the Court had set *only* a hearing on a *Motion* for Final Order and the attorney had waived oral argument and appearance to said *motion only* just prior to the hearing, and the Court was apprised of the waiver.

Whether the Circuit Court Judge had authority to set a hearing on the unsupported request for the Circuit Court Judge to dismiss the Petition to Register the Foreign Judgment (as *TCA 26-6-104* does not provide for dismissal where valid service has been effectuated).

(Italics and emphasis in original.)

III.

The plaintiff cannot prevail on this appeal unless it can demonstrate some fatal defect on the face of the pleadings or orders of the trial court. This is because there is no transcript or statement of the evidence filed in this case. It was the duty of the plaintiff, as the appellant, to preserve and present us with a record that would allow us to address the merits of the issues raised by it. As we stated in ***Thompson v. Ameriquest Mortg. Co.***, W2011-00501-COA-R3-CV, 2011 WL 6016892, at *1 (Tenn. Ct. App. W.S., filed Dec. 5, 2011):

-4-

[u]nder Tennessee Rule of Appellate Procedure 24(b), "the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Where no such transcript is available, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c).

"In the absence of a transcript, this Court presumes that sufficient evidence existed to support the trial court's decision." ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988). We, therefore, presume that the trial court heard the case on the merits and determined that the defendant was not properly served in the Iowa case. Contrary to the plaintiff's assertion in its brief to the effect that the defendant did not plead that he was not served – only that he did not have notice of the hearing date – we note that the defendant did clearly state, in response to the plaintiff's motion to have the judgment registered, that he was not served with the complaint in the Iowa case.

We also note that the plaintiff's counsel claims to have asked the trial court to allow counsel to participate in the hearing by telephone and claims that his request was denied *sub silentio*. Counsel even goes so far as to suggest that the "judge should be reprimanded for such discourteous conduct." However, there is nothing in the record to support counsel's assertion. He has improperly included, in an "appendix" to the plaintiff's brief, a letter that he says was sent to the court. However, the letter is not a part of the record certified to us by the trial court clerk. Accordingly, we cannot consider it. Moreover, even if the plaintiff had made such a request and even if the trial court, by its silence, had denied it, the plaintiff waived any claim of error by informing the trial court that it elected to stand on its brief and that it would allow the matter to go forward. As the plaintiff acknowledges in its brief, after the alleged request to participate by telephone and the court's alleged silence with regard to that request, "[t]he plaintiff waived it's [sic] appearance and argument before the Court on the basis that the motion [to register] is strictly ministerial and is actually not required by the statute or by Court Rules." The trial court's final order states that the "plaintiff's counsel did not appear however [he] made a phone call stating he stood on his Motion."

The plaintiff further claims that nothing was set for hearing but his motion for registration of the foreign judgment. However, the trial court's order of May 4, 2011, makes it clear that "all matters," including the defendant's issue of denial of service, "may be heard"

-5-

at the hearing to be held on August 1, 2011. Thus, we find no error in the trial court's decision to go forward with the hearing in the absence of the plaintiff and its counsel.

The remainder of the plaintiff's issues all revolve around its position that the defendant did not take the necessary steps to challenge service of process and the complaint in the Iowa case. The plaintiff argues that the defendant needed to do more than simply deny in his answer that he was served in the Iowa proceeding. The plaintiff claims that the defendant was obligated to "affirmatively apply to [the trial court] for relief" and that, absent such a request for affirmative relief, the trial court was obligated to enter judgment for the plaintiff on the petition. The plaintiff relies on the following language in Tenn. Code Ann. § 26-6-104 (2000 & Supp. 2011):

> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.
>
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.
>
> (c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

The plaintiff's position seems to be that the above language means that a "foreign judgment" must be enforced in this state, even if there was no valid service of process in the foreign state, absent a petition or independent action to set the foreign judgment aside.

The plaintiff overlooks that the term "foreign judgment" is a term defined in Tenn. Code Ann. § 26-6-103 (2000) as a "judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." A judgment rendered by a court that has not acquired personal jurisdiction over a defendant is void and is therefore not entitled to full faith and credit in this state. *Hart v. Tourte*, 10 S.W.3d 263, 268 (Tenn. Ct. App. 1999)("If Tourte was not properly served in the original California proceedings – and he says under oath that he was not – the judgment in that case is void. . . . A judgment that is void because it was obtained without *in personam* jurisdiction over the defendant is void for all purposes . . . ."). A defendant against whom a judgment has been rendered by a foreign court is entitled to show in the action brought in Tennessee to enforce the judgment that the judgment is void for lack of effective service. *Id*. at 269. As we

interpret the trial court's order in this case, that is exactly what the defendant did. We hold that the trial court acted properly when it considered the defendant's pleadings as raising the issue of the invalidity of the Iowa judgment because of lack of service. The court's order entered May 4, 2011, put all parties on notice that the merits of the defendant's position would be heard. We hold that the trial court did not err.

As we have stated, despite the number of issues purportedly raised, they all involve some permutation of the same core argument with which we have disagreed. We have considered the plaintiff's arguments and find them all to be without merit.

IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Rain and Hail, Inc. This case is remanded, pursuant to applicable law, for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE